```
 1                    UNITED STATES DISTRICT COURT

 2                   EASTERN DISTRICT OF CALIFORNIA

 3                              --o0o--

 4   UNITED STATES OF AMERICA,     ) Case No. 1:14-cr-00114-AWI-BAM
                                   )
 5              Plaintiff,         ) Bakersfield, California
                                   ) Thursday, June 5, 2014
 6        vs.                      ) 2:31 P.M.
                                   )
 7   MICHAEL GALLOWAY,             ) Hearing re:  arraignment and
                                   ) plea re: indictment.
 8              Defendant.         )
     _____)
 9
                         TRANSCRIPT OF PROCEEDINGS
10             BEFORE THE HONORABLE JENNIFER L. THURSTON
                   UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For Plaintiff:               MEGAN A. RICHARDS
13                                U.S. Attorney's Office
                                  2500 Tulare Street, Suite 4401
14                                Fresno, CA   93721
                                  (559) 497-4094
15
     For Defendant:               MONICA BERMUDEZ
16                                Federal Defender's Office
                                  2300 Tulare Street, Suite 330
17                                Fresno, CA   93721
                                  (559) 487-5561
18
     Court Recorder:              OTILIA FIGUEROA
19                                U.S. District Court
                                  2500 Tulare Street, Suite 1501
20                                Fresno, CA   93721
                                  (559) 499-5928
21
     Transcription Service:       Petrilla Reporting &
22                                  Transcription
                                  5002 - 61st Street
23                                Sacramento, CA   95820
                                  (916) 455-3887
24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

1

1      FRESNO, CALIFORNIA, THURSDAY, JUNE 5, 2014, 2:31 P.M.
2
3      (Call to order of the Court.)
4           THE COURT:  We're on the record in the case of the
5  United States of America v. Michael Galloway, Case No. 1:14-cr-
6  00114-AWI-BAM.  Ms. Richards in Fresno and Ms. Bermudez here in
7  the courtroom.  We have Mr. Guerrero from Pretrial Services and
8  our courtroom deputy in Fresno is Wendy Kusamura.
9           Sir, you are advised that you do have the right to
10 remain silent, and anything you say can be used against you in
11 future court proceedings.  If you've made a statement already,
12 you have the right not to make another one.  If you do start to
13 make another statement, you have the right to stop making it at
14 any time.
15          You have the right to be represented by a lawyer, and
16 if you can't afford one, I will appoint one to represent you.
17 Do you wish for me to consider appointing a lawyer for you?
18          THE DEFENDANT:  Please.
19          THE COURT:  Ms. Bermudez, I did receive the financial
20 affidavit that you completed -- or that Mr. Galloway prepared
21 today.  My concern, though, is that he has failed to give any
22 estimate whatsoever as to his own income.
23          MS. BERMUDEZ:  Yes, Your Honor.  He indicated he is
24 not aware, nor is he able to give just an approximate amount
25 either.

1      THE COURT:  It seems difficult to accept.  That
2 leaves me very little grounds to decide whether or not he can
3 afford a lawyer.
4      MS. BERMUDEZ:  One second, Your Honor.
5    (Pause - counsel and defendant conferring.)
6      MS. BERMUDEZ:  Your Honor, the issue in which Mr.
7 Galloway is unable to give an actual calculation to the Court
8 is because he does not care for his finances due to certain
9 issues that he has, and I'm just requesting that the Court
10 consider that explanation when determining if he does qualify.
11      THE COURT:  I'm looking at the value of his real
12 property, comparing that to the income that his wife is
13 reporting and a reasonable deduction is that his income is
14 vast.  Is there someone else who can speak to his monthly
15 income?
16      MS. BERMUDEZ:  I can try to verify with his wife,
17 Your Honor.
18    (Pause - counsel and defendant's wife conferring.)
19      MS. BERMUDEZ:  Your Honor, again, this is just an
20 estimate, but the wife believes maybe about 6,000.  Again, it
21 is just an estimate.
22      THE COURT:  This is what I'm going to do.  I will
23 appoint counsel for this hearing.  I will set over the issue of
24 eligibility for appointment of counsel, and in the meantime
25 then Mr. Galloway can investigate, through his accountant or

1  whoever else, his monthly income and this issue then can be
2  reconsidered at the next hearing.
3         Ms. Bermudez, will you accept appointment of counsel?
4         MS. BERMUDEZ:  I will, Your Honor.
5         THE COURT:  All right.  Mr. Galloway, is your true
6  and correct name Michael Galloway?
7         THE DEFENDANT:  Yes, it is.
8         THE COURT:  All right.  Thank you.  I will make that
9  finding.
10         Mr. Galloway, you are advised that you've been
11  charged in a criminal indictment dated May 29th, 2014.  In that
12  indictment the government is charging you with four counts.  In
13  each of them the government is charging that you filed a false
14  or fraudulent tax return indicating that your income was zero,
15  and that taxes due were zero despite knowing that this
16  information was false.
17         They're also alleging in each count that you made a
18  false statement on February 23rd, 2010 to IRS agents for the
19  purpose of concealing a fraud.
20         In the first count the government is alleging that
21  these acts occurred between January 1st, 2003 and February
22  23rd, 2010.  And in that count they're alleging that you filed
23  a tax return on or about October 24th, 2005 for the tax year
24  2003 and in doing so you submitted a false or fraudulent tax
25  return.

1          In count 2 they're alleging that the acts occurred
2  between January 1st, 2004 and February 23rd, 2010.  In that
3  count they're alleging that you filed a tax return on November
4  -- on or about November 7th, 2005 for the 2004 tax year and
5  they are alleging that that tax return was false and
6  fraudulent.
7          In count 3 the government is alleging that the events
8  occurred between January 1st, 2005 and February 23rd, 2010.
9  They're saying that on or about November 6th, 2006 that you
10 filed a tax return for the tax year 2005 that was false and
11 fraudulent.
12         Finally, in count 4 they're alleging that the acts
13 occurred between January 1st, 2006 through January -- February
14 23rd, 2010.  In this count they're saying that on or about
15 August 18th, 2008 that you filed a tax return for the 2006 tax
16 year and that this tax return was false and fraudulent.
17         If you are convicted of these offenses, as to each
18 charge, the maximum penalty that could be imposed is five years
19 in custody, a fine of $250,000 and up to three years of
20 supervised release.
21         Ms. Bermudez, did you receive a copy of the
22 indictment?
23         MS. BERMUDEZ:  I did, Your Honor.
24         THE COURT:  Do you waive further reading of the
25 indictment?

5

1    MS. BERMUDEZ:  So waived.
2    THE COURT:  As to the charges, how does your client
3 plead?
4    MS. BERMUDEZ:  Not guilty, Your Honor.
5    THE COURT:  All right.  As to the issue of detention,
6 Ms. Richards, what's the government's position?
7    MS. RICHARDS:  The government requests detention on
8 the basis of flight.
9    THE COURT:  All right.  Ms. Bermudez, did you receive
10 a copy of the Pretrial Services report?
11   MS. BERMUDEZ:  I did, Your Honor.
12   THE COURT:  And what is your client's position?
13   MS. BERMUDEZ:  Your Honor, I don't -- at this point
14 there's no evidence at all that Mr. Galloway is a flight risk.
15 He has not traveled outside of the United States significantly.
16 It's been over 15 years -- 15 to 20 years since he went to
17 another country, I believe, and he did take a weekend trip to
18 Baja, California.  He doesn't have a current passport.
19         He's resided in Bakersfield for a significant amount
20 of time.  His home is here.  His family's here, his children,
21 grandchildren, aunts, uncles, his mother, who is ill is living
22 with them; his daughter, who is diagnosed schizophrenic is
23 living with him and there's his three grandchildren also.
24         His wife of 41 years is also here.  Her home is here,
25 her life is here, her family is here.  There is nothing to

1 support a finding that he is in fact a flight risk. His wife,
2 who is here today, is willing to be a third-party custodian so
3 she will in fact ensure that he does go to court and complies
4 by all Pretrial Services' recommendations, Your Honor. And I'm
5 requesting that he be released based on that.
6     THE COURT: All right. Ms. Richards.
7     MS. RICHARDS: The government's concerned that the
8 defendant has substantial assets which he's not disclosing, and
9 that even though he does not have contacts right now outside
10 the country, he has assets that would allow him to flee. And
11 based on the serious charges and his assets, the government
12 would ask that he at least put up a property bond.
13     THE COURT: Ms. Richards, if you're asking for a
14 property bond, what amount are you asking for?
15     MS. RICHARDS: I would ask for the equity that's in
16 his house, and at this time I don't know what that amount would
17 be.
18     THE COURT: Mr. Guerrero, at this time you have no
19 information as to the amount of equity in the home?
20     MR. GUERRERO: Your Honor, I've had a chance to speak
21 with Mrs. Galloway and informed me that the current balance on
22 the home is approximately $475,000. The zillow.com estimate
23 that I obtained is that the home is estimated to be worth just
24 over a million dollars.
25     THE COURT: Ms. Richards, if I agree to -- or if I

1  order a property bond, what would be your position as to
2  detention pending the appraisal and paperwork completion for
3  the property bond?
4         MS. RICHARDS:  I have no objection to that.
5         THE COURT:  No.  My question is, what would be your
6  position as to his detention status pending the completion of
7  the appraisal and the paperwork needed to post that bond?
8         MS. RICHARDS:  I wouldn't have an objection to him
9  being out of custody during the -- while we put the property
10 bond in place.
11        THE COURT:  Ms. Bermudez, comments.
12        MS. BERMUDEZ:  Your Honor, I still don't believe that
13 there has been any showing that he is -- actually presents a
14 serious risk of flight, other than that there is possibly some
15 sort of assets out there.  The only asset that I have any
16 information about is their actual home, which he's owned since
17 2000; and since 2000 there has been a significant increase in
18 the values of homes.
19        So he would in fact have to sell his house in order
20 to even cash in on that asset and that means relocating his
21 wife, relocating his three grandchildren, relocating his mother
22 and relocating his daughter who is schizophrenic.
23        Based on that, if the Court does in fact believe that
24 equity has to be put up, I know that the family is not going to
25 object to that.  However, I don't believe that there has been

8

1  any showing to make a ruling that he is considered a flight
2  risk in this case.
3              THE COURT: All right. Ms. Richards, final comments.
4              MS. RICHARDS: Your Honor, I just spoke with Monte
5  Olson from Pretrial Services and he suggested that we might
6  have the defendant and his wife sign an unsecured bond today
7  and set a deadline for 45 days out for a property bond to be
8  put in place.
9              THE COURT: All right. I have considered the factors
10 that are required under 18 U.S.C. Section 3142. I do have
11 significant concerns about the assets in this case. I am
12 concerned, from the most basic information, as what assets
13 there are because what has been reported is -- I have
14 difficulty accepting what's been said about the lack of
15 information about the current assets, specifically the current
16 income.
17             And even with the change in the property value since
18 2000, there was obviously also a significant drop in property
19 values in 2006 and the later years. So the current value is
20 significant of the house, but there is no real information
21 about any other assets other than the house.
22             And Ms. Bermudez, I think you do make a good point
23 that in order to use the equity in that home it would require a
24 loan or selling the house in order to access it. It does
25 appear that there is significant debt owed to the IRS at this

1  time and it does appear that the defendant has been making --
2  has made significant payments toward reducing that debt.
3  Because of the lack of information though about the assets,
4  that is a factor that weighs against release.
5       The nature of the offense is serious.  There is
6  significant evidence to support it set forth in the indictment.
7  There is no information that Mr. Galloway has a criminal
8  history.  There's no information that his physical or mental
9  condition weighs upon this decision one way or the other.  He
10 does have significant ties to this community.  He has had
11 lengthy employment.  He has -- there is no evidence of alcohol
12 or drug abuse, and there's no information at this point to
13 believe that he would not comply with court orders.
14      As a result, Mr. Galloway, I'm going to adopt the
15 recommendations of the Pretrial Services officer and release
16 you according to the recommendations that have been given.  Of
17 course the government is always free to seek review of the
18 decision or if additional information is found out about the
19 assets, to seek additional property bond or other bond at that
20 time.
21      So Mr. Galloway, what I'm going to do is read to you
22 what the conditions are.  It is your obligation to comply with
23 the recommendations.  It's also your obligation to understand
24 them.  If you have questions in future as to what you're
25 permitted to do, you do need to pose those to your attorney or

1   to the Pretrial Services officer before you take any action,
2   because if you do act in a way that is inconsistent with the
3   recommendations, then you very well will find yourself in
4   custody until the outcome of this case.  We will also be giving
5   you these conditions in writing so that you can have them with
6   you as well.
7          First, you shall be released on your own personal
8   recognizance.  You shall report to and comply with the rules
9   and regulations of the Pretrial Services agency.  You shall
10  report in person at the Pretrial Services agency on the first
11  working day following your release from custody.
12         You are to reside at a location approved by the
13  Pretrial Services officer and not move or absent yourself from
14  this residence for more than 24 hours without the prior
15  approval of the Pretrial Services officer.
16         You shall cooperate in the collection of a DNA
17  sample.
18         Your travel is restricted to California unless
19  otherwise approved in advance by the Pretrial Services officer.
20  You shall not obtain a passport or other travel documents
21  during the pendency of this case, and if you locate your
22  expired passport or any passport that you have in your
23  possession you must immediately surrender it to the Clerk of
24  the United States District Court.
25         You shall not possess a firearm of ammunition,

1  destructive device or other dangerous weapon, and you shall
2  provide written proof of divestment of all firearms or
3  ammunition currently under your control.
4           Finally, you shall report any contact with law
5  enforcement to your Pretrial Services officer within 24 hours
6  of that contact.
7           You are ordered to comply with all federal, state and
8  local laws.
9           You're advised also that it is a crime to fail to
10 appear in court as ordered and that you can be sentenced to
11 imprisonment.
12          You're advised that if you violate any condition of
13 your release a warrant for your arrest will be issued and you
14 may be jailed until trial.  You may also be prosecuted for
15 contempt of court.
16          You're advised that committing a crime while on
17 release may lead to more severe punishment than you would
18 receive for committing the same crime at a different time.
19          You're also advised that it is a crime to try to
20 influence a juror, to threaten or attempt to bribe a witness or
21 other person who may have information about this case, to
22 retaliate against anyone for providing information about the
23 case or to otherwise obstruct the administration of justice.
24          We need to set this matter for status.  Ms. Bermudez,
25 have you talked to your client about the issue of excluding

1   time?
2           MS. BERMUDEZ:  No, Your Honor.  If the Court would
3   give me a moment.
4       (Pause - counsel and defendant conferring.)
5           MS. BERMUDEZ:  Your Honor, he is agreeable to
6   exclusion of time.
7           THE COURT:  All right.  Ms. Richards, my thought was
8   to set this either June 23rd or the next available date is not
9   until July 28th.  Do you have a preference in that regard?
10          MS. RICHARDS:  Your Honor, I would prefer the sooner
11  date so that the defendant can get counsel and also so that
12  there's -- the government will be providing discovery during
13  the week, and it is voluminous.  However, I think for exclusion
14  of time purposes it would be better to have his attorney there
15  June 23rd.
16          THE COURT:  Ms. Bermudez, any comments about that
17  date?
18          MS. BERMUDEZ:  No, Your Honor.
19          THE COURT:  I will set a status conference on June
20  23rd, 2014.  That would be a 1:00 o'clock in front of Judge
21  McAuliffe.  In the meantime, it sounds like within the week Ms.
22  Richards will be providing the discovery.  It sounds like
23  probably you need to provide that either to the Federal
24  Defender or the attorney who's ultimately appointed.
25          I will find that good cause exists and the interests

1  of justice outweigh the interests of the public and the
2  defendant in a speedy trial in order to allow that discovery to
3  be provided, permanent counsel to be assigned and for counsel
4  to have an opportunity to discuss the matter.
5           If the matter is not in a posture in which a status
6  conference makes sense on June 23rd, the party -- counsel may
7  stipulate to a later date.  They must keep in mind in their
8  stipulation though that they are required to consider the issue
9  of time exclusion and would get that continuance only on the
10 agreement of Mr. Galloway to waive time.  I will waive time at
11 this point -- or exclude time pending that next hearing on June
12 23rd.
13          Ms. Richards, is there anything else?
14          MS. RICHARDS:  No, Your Honor.  Thank you.
15          THE COURT:  Ms. Bermudez, anything else?
16          MS. BERMUDEZ:  No, Your Honor.  Thank you.
17          THE COURT:  All right.  We are off the record.
18     (Whereupon the hearing in the above-entitled matter was
19 adjourned at 2:50 p.m.)
20                          --o0o--
21                         CERTIFICATE
22     I certify that the foregoing is a correct transcript from
   the electronic sound recording of the proceedings in the above-
23 entitled matter.
24 _____        August 25, 2014
   Patricia A. Petrilla, Transcriber
25 AAERT CERT*D-113