HEATHER E. WILLIAMS, #122664
Federal Defender
ANN H. MCGLENON, #100433
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: 559-487-5561/Fax: 559-487-5950
ann.mcglenon@fd.org

Attorney for Defendant
MICHAEL GALLOWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:14-cr-00114 AWI-BAM |
|---|---|
| Plaintiff, | DEFENDANT'S NOTICE OF MOTION AND MOTION FOR DISCOVERY OF QUICKBOOKS BACK UP DISK AND BASIS FOR SEIZURE; MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| MICHAEL GALLOWAY, | |
| Defendant. | DATE: March 28, 2016<br>TIME: 10:00 a.m.<br>JUDGE: Honorable Dale A. Drozd |

**TO:   BENJAMIN B. WAGNER, UNITED STATES ATTORNEY, MARK McKEON and MEGAN A. S. RICHARDS, ASSISTANT UNITED STATES ATTORNEYS**

PLEASE TAKE NOTICE that on March 28, 2016, at 10:00 a.m. in the courtroom of the Honorable Dale A. Drozd at the United States Courthouse in Fresno, California, Defendant Michael Galloway, by and through his counsel of record, Ann H. McGlenon will and does hereby move this court for an order to produce discovery, specifically including but not limited to the backup disk for Catholic Online provided by CPA Carl Livsey to the IRS without a warrant.

This motion is made pursuant to the United States Constitution; Federal Rules of Criminal Procedure, Rule 16 and all applicable statutory and case law.

///

///

## I.   MOTION

This motion is made pursuant to Rule 16, Federal Rules of Criminal Procedure, Eastern District of California Local Rule Crim. 430.1 and 16-440, *Brady v. Maryland*, 373 U.S. 83 (1963), and such other statutory and constitutional rules of discovery as may be applicable.

This motion is based upon the instant motion and notice of motion, the accompanying statement of facts and memorandum of points and authorities, the files and records in the above-entitled case, and any and all other information that may be brought to the Court's attention before or during the hearing on this motion.

          Respectfully submitted,

          HEATHER E. WILLIAMS
          Federal Defender

Date: February 29, 2016          */s/  Ann McGlenon*
          ANN McGLENON
          Assistant Federal Defender
          Counsel for Defendant
          MICHAEL GALLOWAY

## II.   MEMORANDUM OF POINTS AND AUTHORITIES

### A. Factual Background

Mr. Galloway is charged in a four count indictment.  Counsel has received tens of thousands of pages of discovery.  While attempting to determine the source and method of seizure for QuickBooks, it was determined that the document referred to on Bates page 9514 has not been provided.  The document states, among other things, that Carl Livsey provided a QuickBooks backup disc for Catholic Online.  Supporting Evidence: W2-24.  That backup disk and its contents have not been provided in discovery.  There is a report of the statement of Carl Livsey, but no indication of any warrant permitting seizure of the backup disk or its contents and no back up disk or its contents.

### B.  Requests with Points and Authorities

The government's responsibility for providing discovery is generally defined in Rule 16(a), Federal Rules of Criminal Procedure.  According to the Local Rules for the United States District Court, Eastern District of California, upon request of the defendant, unless otherwise ordered by the court, Fed. R. Crim. Proc., Rule 16(a) discovery shall be provided to the defendant.

The requested items are *Brady* material and necessary for preparing the defense. Rule 16 (a)(1)(A) requires disclosure of defendant's oral statement.

A criminal defendant has a constitutional right, under the due process clause of the Fifth and Fourteenth Amendments of the Constitution, to obtain evidence, in the possession of the government, which bears upon the determination of either guilt or punishment.  *Brady v. Maryland,* 373 U.S. 83, 86 (1963).  The Ninth Circuit, in reversing a denial of a motion for new trial on *Brady* grounds, recognized that a criminal defendant is entitled to Brady material, including impeachment material, pretrial, and that a *Brady* violation occurs even if the evidence is known only to a police investigator and not the prosecutor.  *United States v. Price,* 566 F.3d 900, 908-909 (9th Cir. 2008).  The Court noted that because the prosecution is in a unique position to obtain information, it may not be excused from disclosing what it does not know but could have learned.  *Price*, 566 F.3d at 909.

**C) Statements:** Any statements, written or oral, made by Mr. Galloway to any law enforcement officer, government agent, informant, or other third party relevant to this case that is in the government's possession, custody or control, the existence of which is known or may become known to the government by the exercise of due diligence. Fed. R. Crim. Proc., Rule 16 (a)(1)(A) and (B); *United States v. Hoffman*, 794 F.2d (9th Cir. 1986). This request includes any statement by defendant that is repeated, reported or incorporated in any subsequent oral, written or recorded statement made and/or prepared by any of the above-listed individuals.

**D) Tangible objects:** The defendant hereby requests that the government permit the defendant to inspect and copy or photograph any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof that are within the possession, custody or control of the government, and that are (1) material to the preparation of the defendant's defense; (2) are intended for use by the government as evidence in chief at the trial either as a marked exhibit or referred to in any way by any witness called by the government during its case in chief; or (3) were obtained from or belong to the defendant. The defendant further requests that the government notify the defendant of the existence or their possession of any such item. Fed. R. Crim. Proc., Rule 16(a)(1)(E).

**E) Videotapes, Audiotapes, photos:** Any video tapes, audio tapes, or still photographs of the activities alleged during the investigation of this case. Fed. R. Crim. Proc., Rule 16 (a)(1)(E).

**F) Witness Statements:** Written and audio copies of any and all statements made by witnesses in this case, whether or not the plaintiff intends to call the witness, which are in possession, custody or control of the plaintiff no later than fifteen (15) working days before trial. *Brady v. Maryland*, 373 U.S. 83 (1963).

**G) Henthorn:** The defendant requests that the government examine the personnel files of Brian Applegate and any other files within its custody, care or control, or which could be obtained by the government, for all testifying law enforcement witnesses. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or

other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1999);  *see U.S. v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

**H) Experts:**  The name and address of any person who will testify as an expert witness, as well as a written summary of the testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial.  The summary must describe the witness's opinions, the bases and the reasons therefore, and the witnesses qualifications.  *See* Fed. R. Crim. Proc., Rule 16 (a)(1)(G).

### III.   CONCLUSION

Michael Galloway requests production of all Discovery he is entitled to under the statutes and case law.  Based on Fed. R. Crim. Proc., Rule 16, and on the authority of *Brady v. Maryland*, 373 U.S. 83 (1963) these discovery requests should be granted.  Such discovery shall be subject to a continuing duty to disclose as specified in Fed. R. Crim. Proc., Rule 16(c).

Dated:  February 29, 2016

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

  */s/ Ann H. McGlenon*
ANN H. McGLENON
Assistant Federal Defender
Attorney for Defendant
MICHAEL GALLOWAY