BENJAMIN B. WAGNER
United States Attorney
MEGAN A. S. RICHARDS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-00114 DAD-BAM |
|---|---|
| Plaintiff, | UNITED STATES'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT BASED ON THE STATUTE OF LIMITATIONS |
| v. | |
| MICHAEL GALLOWAY, | |
| Defendant. | DATE: March 28, 2016<br>TIME: 10:00 a.m.<br>COURT: Hon. Dale A. Drozd |

The United States, by and through its attorneys, Benjamin B. Wagner, United States Attorney for the Eastern District of California, and Megan A. S. Richards, Assistant United States Attorney, hereby responds to the defendant's motion to dismiss the indictment based on statute of limitations grounds.

## I. FACTS

Defendant Michael Galloway is charged with Attempting to Evade and Defeat a Payment of a Tax in violation of Title 26, United States Code, Section 7201. As alleged in the indictment, the defendant owned and operated Catholic Online, a sole proprietorship, in Bakersfield, California and exercised control over the accounting operations and bank accounts of the business. Indictment at ¶¶ 2, 4. For each of tax years 2003 through 2006, defendant reported his purported business income from Catholic Online to the Internal Revenue Service (IRS) on a Schedule C, Profit or Loss from Business, which he attached to his joint U.S. Individual Income Tax Return, Form 1040 ("tax return"). Indictment at ¶ 6. The defendant filed his tax returns for the 2003 through 2006 tax years on October 25, 2005;

November 7, 2005; November 6, 2006; and August 18, 2008, respectively. Indictment at ¶¶ 14, 16, 18, 20.

The indictment alleges that the defendant caused his 2003 through 2006 tax returns to underreport his income. The defendant caused the underreporting by "knowingly caus[ing] his employees to prepare incorrect profit and loss statements for Catholic Online and caus[ing] them to be provided to his Certified Public Accountant (CPA) to prepare each year's Schedule C." Indictment at ¶ 8. The incorrect profit and loss statements were derived from accounting records that, among other things, underreported the gross receipts for Catholic Online, recorded the defendant's personal living expenses as business expenses, and recorded business expenses that Catholic Online never incurred. Indictment at ¶ 8. The profit and loss statements underreported Catholic Online's gross income by approximately $43,283 in 2003; $178,865 in 2004; and $293,545 in 2005. Indictment at ¶ 9(a). The indictment also alleges that the defendant improperly deducted as business expenses the following non-deductible items: his homeowner's association dues, car payments, personal automotive insurance, utilities and cable service for his home, department store credit card bills, tile work for his home, and personal legal expenses. Indictment at ¶ 9(b).

On February 23, 2010, defendant Michael Galloway met with IRS agents and made false statements regarding his finances. Indictment at ¶ 12. According to the indictment, he stated that he "lived on only a couple hundred bucks a week; that he makes his mortgage payments from cash that he has saved over 40 years; that he paid for his cars in cash; that he gave his CPA his bank statements to complete his returns; and that all of the money from his merchant account went into the Catholic Online bank account." Indictment at ¶ 12.

The indictment alleges that for each of the four tax years, the defendant "did willfully attempt to evade and defeat the payment of income taxes due and owing . . . by committing affirmative acts of evasion." Indictment at ¶¶ 14, 16, 18, 20. Defendant's affirmative acts of evasion were filing a false tax return with the above-mentioned false calculations and also "making false statements to IRS Special Agents and a Tax Compliance Officer to conceal the defendant's income during [the applicable] tax year." *Id.* Defendant's false statements were within six years of the return of the indictment.

On February 29, 2016, the defendant filed a motion to dismiss counts one through three of the

UNITED STATES RESPONSE TO DEFENDANT'S
MOTION TO DISMISS

2

indictment on statute of limitations grounds. The United States now responds.

## II. ARGUMENT

### A. All Counts of the Indictment are Within the Statute of Limitations Because the Six-Year Statute of Limitations is Calculated From the Defendant's Last Affirmative Act of Evasion, Which Was February 23, 2010.

The indictment charging defendant Galloway with tax evasion complies with the statute of limitations. The government and the defendant agree that there is a six-year statute of limitations for tax evasion. See Defendant's Motion, Dkt 35, at 3. In addition, the defendant agrees that the "statute of limitations bar begins based on the last affirmative act of evasion." *Id.* at 5. The disagreement between the parties appears to be regarding which date one uses to calculate the statute. According to the defendant, the statute of limitations should run from the date that he filed his tax returns, not the date that he gave false statements to IRS agents, because "[a] six year statute of limitations cannot be extended by a conversation." *Id.* at 2. This is not so.

In order to calculate the statute of limitations in this case, it is necessary to look at the elements for tax evasion under Section 7201. The elements "are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States*, 380 U.S. 343, 351 (1965) (citations omitted); *see also United States v. Carlson*, 235 F.3d 466, 468 (9th Cir. 2000). An affirmative act of evasion is conduct "the likely effect of which would be to mislead or to conceal." *United States v. Spies*, 317 U.S. 492, 499 (1943). An affirmative act must "serve[] the purpose of evasion." *United States v. Edwards*, 375 F.2d 862, 866 (9th Cir. 1967). The Supreme Court in *Spies* listed various ways in which a person might commit an act of evasion: "keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and *any conduct, the likely effect of which would be to mislead or conceal*." *Spies*, 317 U.S. at 499 (emphasis added).

An affirmative act of evasion is an act that misleads agents and obscures one's income in order to avoid an agent completing an accurate calculation of a target's taxes. In *United States v. Carlson*, the Ninth Circuit found that the defendant's acts of opening and using accounts with false social security numbers, places of birth, and dates of birth were affirmative acts of evasion because they "could easily

UNITED STATES RESPONSE TO DEFENDANT'S
MOTION TO DISMISS

3

have misled the IRS or concealed information from it." *Carlson*, 235 F.3d at 469. This is because "[w]ithout being able to determine how much money [the defendant] earned and how he spent that money, the IRS could not determine [the defendant's] taxable income." *Id.*

The defendant's false statements on February 23, 2010 could similarly prevent IRS agents from determining the defendant's taxable income. As alleged in the indictment, the defendant stated that he lived on "only a couple hundred bucks a week." Indictment at ¶ 8. This false statement hid that the defendant allegedly improperly deducted numerous personal expenses as business expenses, including his homeowner's association fees, his car payments, personal automotive insurance, utilities and cable service for his personal residence, department store credit card bills, tile work for his home, and personal legal expenses. Indictment at ¶ 9(b).

Likewise, the defendant's statement that all of the money from his merchant account went into his Catholic Online bank account could prevent the IRS from correctly calculating the taxes that the defendant owed because if believed, it would prevent the IRS agents from determining the defendant's actual business receipts. The defendant's statements would also lead the IRS agents to believe there was no need to view the merchant account because it was a pass through account. They would not see if the defendant used the account to pay bills or to transfer money to other accounts.

The defendant's statements that he paid his mortgage payments and for his cars in cash from a cash hoard would also give the IRS a non-taxable source for some of the defendant's most significant living expenses and obscure the fact that, as the indictment alleges, he routinely paid for personal expenses not with a non-taxable cash hoard, but with taxable and unreported gross income from his business, Catholic Online. Indictment at ¶ 10.

A reasonable inference regarding defendant Galloway's false statements to IRS agents is that he made the statements in order to avoid calculation of the income tax that he owed. Defendant contends in his Motion to Dismiss that "he did not have any reason to believe that any of his statements would be considered to evade income taxes" and that "[h]e made no effort to deceive." Defendant's Motion, Dkt 35, 3-4. Defendant's purpose in making the statements is a question of fact to be determined by a jury

(or a judge in a bench trial).[1] If a trier of fact determines that the defendant intended his statements to prevent the IRS from correctly calculating his income tax, his statements would have had the same evasive purpose as making false entries or concealing income did in *Carlson*. The defendant's false statements would also have the same potential effect – obscuring his tax liability. The defendant has cited no authority that holds that making a false statement to an agent in order to avoid taxation cannot be an "evasive act."

Where the defendant commits a series of evasive acts to avoid tax liability, the statute of limitations runs from the defendant's last affirmative act of evasion. *United States v. Detar*, while not involving the exact situation as Galloway, stands for the proposition that overt, affirmative acts committed by a defendant are sufficient to keep an evasion of taxes action alive. 832 F.2d 1110, 1113 (9th Cir. 1987).

Other circuits have ruled on the issue in cases with facts more similar to those in Galloway's case. In an Eighth Circuit case, *United States v. Perry*, 714 F.3d 570 (8th Cir. 2013), the four-count indictment alleged that the defendant evaded taxes for each tax year in two ways, first by engaging in a kickback scheme, the profits from which he did not reveal on a false tax return, and second, "by making false statements to an IRS Special Agent in August 2006," when he disclaimed any involvement in such a scheme. *Id.* at 573-574. More than six years had elapsed since the defendant had filed his false tax returns, but his statements to the agent were within the six year statute of limitations. *Id.* At trial, the district court instructed the jury that it must unanimously find that at least one of the acts of evasion charged occurred after March 24, 2005, which was six years before the date of the indictment. *Id.* The Eighth circuit held that there was no error, and by convicting the defendant of tax evasion, the jury had necessarily found that the defendant had lied to the IRS agent. *Id.* 574.

Several other circuits that have addressed the issue have likewise found that the statute of limitations for tax evasion runs from the date the tax return was due or the defendant's last affirmative

---

[1] In proving that the defendant made false statements to avoid a tax liability, the government does not intend to rely on a presumption like the one at issue in *United States v. Trevino*, 419 F.3d 896, 902 (9th Cir. 2005), which the defendant discusses at length in his motion.

UNITED STATES RESPONSE TO DEFENDANT'S MOTION TO DISMISS

5

act of evasion, whichever one was later. *See e.g. United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993) (holding that the statute of limitations runs from last affirmative act "because to hold otherwise would only reward a defendant for successfully evading discovery of his tax fraud for a period of six years subsequent to the dates the returns were filed"); *United States v. Irby*, 703 F.3d 280, 282 (5th Cir. 2012) (statute of limitations ran from use of nominee trusts to hide income years after tax returns were due); *United States v. Anderson*, 319 F.3d 1218, 1219-1220 (10th Cir. 2003) (statute runs from defendant's last evasive act, not the earlier date that he filed his tax return); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) ("The limitations period for a violation of Section 7201 begins to run on the date of the last affirmative act of tax evasion.").

Defendant made false statements to evade calculation of taxes owed on February 23, 2010. This was his last affirmative act of evasion. Therefore, the statute of limitations ran on February 23, 2016. A federal grand jury returned the indictment against the defendant on May 29, 2014. Therefore, the statute of limitations was not violated.

### III.  **CONCLUSION**

For the reasons set forth above, the indictment is within the statute of limitations and the court should deny the defendant's motion to dismiss.

Dated: March 21, 2016

BENJAMIN B. WAGNER
United States Attorney

By: /s/ MEGAN A. S. RICHARDS
MEGAN A. S. RICHARDS
Assistant United States Attorney