UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL GALLOWAY,<br><br>Defendants. | No. 1:14-CR-00114-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 35) |

Defendant Michael Galloway was charged on May 29, 2014, by way of grand jury indictment, with four counts of tax evasion in violation of 26 U.S.C. § 7201. (Doc. No. 1.) The four counts involve the tax years 2003 through 2006 with the defendant having filed the returns in question on October 24, 2005, November 7, 2005, November 6, 2006 and August 18, 2008. (*Id*.) With respect to each of the counts the Indictment specifically alleges affirmative acts of tax evasion including by "on or about February 23, 2010, making false statements to IRS Special Agents and a Tax Compliance Officer to conceal the defendant's income during" each of the tax years in question. (Id. at 4-6.) Defendant filed a motion to dismiss counts one through three of the indictment, relating to his tax returns filed in 2005 and 2006, arguing that those counts were barred by the applicable statute of limitations. (Doc. No. 35.)

On March 28, 2016, a hearing was held on defendant's motion. Assistant U.S. Attorney Megan A. Richards appeared for the government and Assistant Federal Defender Ann H.

1

McGlenon appeared on behalf of the defendant.  Oral argument was heard and defendant's motion to dismiss was taken under submission.  For the reasons set forth below, defendant's motion will be denied.[1]

I.      **Arguments of the Parties**

Defendant contends that that under 26 U.S.C. § 6531(2) the applicable statute of limitations is six years with respect to the charges of violating 26 U.S.C. § 7201 brought against him in this case.  (Doc. No. 35 at 3.)  Defendant argues that here, as a matter of law, the last affirmative act of evasion is the date on which he filed the tax returns in question.  (*Id*. at 5) (citing *United States v. Carlson*, 235 F.3d 466, 470 (9th Cir 2000)).  Based upon that statute of limitations commencement date, defendant argues, counts one through three of the indictment are barred as untimely.  Finally, defendant argues that his conversation with the IRS Special Agents and a Tax Compliance Officer on February 23, 2010, in the presence of his then counsel, cannot extend the statute of limitations either because:  his statements at that time were not intended to deceive; were not knowingly false; did not constitute tax evasion by themselves; or because mere talking cannot extend the statute of limitations.

The government opposes defendant's motion to dismiss on the grounds that the last affirmative act of the defendant as alleged in the indictment with respect to all four counts of tax evasion was the making of false statements to IRS agents on February 23, 2010.  (Doc. No. 38 at 2.)  Those false statements regarding his finances with respect to each of the tax years in question, the government points out, were made within six years of the return of the indictment in this case on May 29, 2014.  (*Id*.)  According to the government, the statute of limitations for a tax evasion prosecution commences at the time of the defendant's last affirmative act of evasion and an act of evasion is any conduct which serves the purpose of evasion and the likely effect of which is to

/////

---

[1] At the hearing the court granted defendant's motion for discovery and found, based upon the representations of counsel, that the requested discovery had already been produced by the government.  That discovery order was without prejudice to the defense later seeking so-called *Henthorn* discovery of potential impeachment materials in the personnel files of testifying federal law enforcement officers should this case proceed to trial.

mislead or conceal.  (*Id*. at 3.)[2]  Thus, where a defendant makes false statements to IRS agents disclaiming involvement in a tax evasion scheme and the statement falls within the statute of limitations, conviction is not barred as long as the jury unanimously finds that at least one act of evasion took place within the six year statute of limitations.  (*Id*. at 5) (citing *United States v. Perry*, 714 F.3d 570, 573-74 (8th Cir 2013)).

**II.    Analysis**

The court is persuaded by the government's argument.  The decision relied upon by the government is instructive.  In *Perry*, the defendant was charged, as is defendant here, with tax evasion in violation of 26 U.S.C. § 7201.  714 F.3d at 573.  As is also the case here, in each count of the indictment charging evasion it was also alleged that the defendant willfully attempted to evade taxes by, among other things, making false statements to an IRS agent during an August 2006 interview.  *Id*.  The trial court instructed the jury on the prosecution's theories of evasion, that the government was required to prove beyond a reasonable doubt at least one of the charged methods of evasion and that one of the acts of evasion occurred within the statute of limitations. *Id*.  Under these circumstances the Eighth Circuit analyzed the issue as follows:

> On appeal, Perry argues the government introduced insufficient evidence that he lied when IRS Special Agent Juli Ricchio interviewed him on August 26, 2006, and therefore the counts charging willful attempts to evade taxes due for the 2001 through 2003 tax years were time-barred. Recounting that interview, Agent Ricchio testified that Perry disclaimed any involvement in a fraudulent invoice scheme at Ford and denied receiving cash payments or kickbacks from vendor Thomas Buske or his companies. The government introduced evidence that Buske paid Ford manager Perry substantial kickbacks in the form of cash and indirect payments for his role in various fraudulent schemes, including cash payments of $18,000 to $25,000 per month from 2001 to early 2004; purchase of a Jaguar and Lincoln Aviator for Perry and his then-wife, Tammy; and payments for a costly addition to Perry's home in Lake St. Louis and for Perry's purchase of two properties in Breckenridge, Colorado. The government also introduced handwritten ledgers, found in Perry's safe, that divided illicit profits from specific inflated invoices between Buske and Perry.

---

[2]  The government notes that many federal circuit courts have held that the statute of limitations for tax evasion runs either from the date the return was filed *or* the defendant's last affirmative act of evasion, *whichever one is later*.  (*Id*. at 6) (cases cited therein).

> In addition to receiving kickbacks from Buske, the owners of a transportation logistics company testified that Perry forced them to pay him $10,000 to $20,000 per month to keep their contract with Ford, disguising the bribes as "consulting fees." Perry failed to report these kickbacks and bribes as income on his tax returns for the 2001 through 2004 tax years. By convicting Perry on all four counts, the jury necessarily found that Perry lied to Agent Ricchio during the August 2006 interview in a continuing attempt to evade his income tax liabilities. After careful review of the trial record, we conclude there was more than sufficient evidence for a reasonable jury to find beyond a reasonable doubt, with respect to each count, that Perry committed an act of tax evasion within six years of the indictment.

*Id*. at 574.

The holding in *Perry* is consistent with that of other courts to have addressed arguments similar to that raised here by defendant. *See United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993) ("We adopt the First and Eleventh Circuits' approach to this issue because to hold otherwise would only reward a defendant for successfully evading discovery of his tax fraud for a period of six years subsequent to the date the returns were filed. For example, in this case, defendant's evasive acts in 1985 prevented the IRS from learning about defendant's income tax fraud occurring in 1982 and 1983."); *United States v. Winfield*, 960 F.2d 970, 973 (11th Cir. 1993) ("Hence, an affirmative act constituting an evasion or attempted evasion of the tax occurs when false statements are made to the IRS after the tax was due, and an allegation to that effect satisfies the affirmative act element of the crime."); *United States v Ferris,* 807 F.2d 269, 271 (1st Cir. 1986) ("The acts upon which the crime was based here are the false statements made in 1979 and 1983, continuing attempts to evade payment of the 1977 income tax. If all that defendant had done was to fail to file his 1977 income tax return, then the last act of evasion would have been April 15, 1978, the date the return and tax were due. The defendant, however, by deceitful statements continued his tax evasion through January of 1983."); *see also United States v* Jensen*, 690 F. Supp.2d 901, 910 (D. Alaska 2010) ("A valid indictment provides the government with the opportunity to present evidence at trial that the affirmative acts occurred in the time frame that allows for conviction within the applicable statute of limitations as lawfully extended.").

/////

/////

### III. Conclusion

For all of the reasons set forth above, defendant's motion to dismiss counts one through three of the indictment as time-barred (Doc. No. 35) is denied. At trial the government will have the burden of proving, with respect to counts one through three, that defendant's statements to the IRS agents on February 23, 2010, constituted an affirmative act of evasion as alleged in the indictment thereby bringing those counts within the applicable statute of limitations.

IT IS SO ORDERED.

Dated:  **April 8, 2016**

UNITED STATES DISTRICT JUDGE