PHILLIP A. TALBERT
Acting United States Attorney
MEGAN A. S. RICHARDS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL GALLOWAY,<br><br>               Defendants. | CASE NO. 1:14-CR-00114 AWI-BAM<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF DOCUMENTS<br><br>DATE: June 24, 2016<br>TIME: 11:00 a.m.<br>COURT: Hon. Barbara A. McAuliffe |

The United States, by and through its attorneys of record, hereby opposes the Defendant's Motion for Return of Documents:

## I.    **FACTS**

Defendant Michael Galloway is charged with four counts of attempting to evade and defeat a payment of a tax, in violation of Title 26, United States Code, Section 7201. Indictment, at 1. As alleged in the indictment, the defendant operated Catholic Online, a sole proprietorship, in Bakersfield California. *Id.* at 2. As the owner of Catholic Online, he reported his purported business income to the Internal Revenue Service (IRS) on a Schedule C, Profit or Loss from Business, attached to his joint U.S. Individual Income Tax Return, Form 1040. *Id.* at 2. Defendant Galloway utilized a certified public accountant (CPA) to complete his tax returns. *Id.* at 2. To complete the returns, CPA Carl Livsey, relied on QuickBooks records that, among other things, underreported the gross receipts for Catholic Online, recorded the defendant's personal living expenses as business expenses, and recorded business

expenses that Catholic Online never incurred. *Id.* at 2.

According to IRS-Criminal Investigations Special Agent (SA) Brian Applegate,[1] during his investigation of the defendant, he and IRS-CI Special Agent Kulbir Mand contacted CPA Livsey on April 9, 2009 and served him with an administrative summons for records relating to Michael Galloway and records relating to the businesses of Michael Galloway. *See Exhibit A, Memorandum of Activity, Re: April 9, 2009 Carl Livsey Contact.* Prior to contacting CPA Livsey, SA Applegate had contacted Galloway's place of business, thereby revealing the existence of his previously covert investigation. *Id.* at 1. Concerned that the records may not be maintained if he did not act quickly, SA Applegate served CPA Livsey with a handwritten administrative summons in order to obligate him to maintain and eventually provide the records to IRS-CI. *Id.* at 1. SA Applegate recalls handwriting the summons using a blank summons form, Form 2039, that he had with him but does not recall making or maintaining any copies of the summons before serving the summons to CPA Livsey. *Id.* at 1. SA Applegate picked up the records at a later date. *See Exhibit B, Memorandum of Conversation, Re: March 28, 2016 Contact with Carl Livsey*, at 1.

On March 28, 2016, SA Applegate contacted CPA Livsey to request that he look for a copy of the summons in his records. *See Exhibit B,* at 1. CPA Livsey emailed back to state that he does not have records from 2009. *See Exhibit C*, *Livsey Email.*

On May 20, 2016, Defendant Galloway filed his motion for return of property, arguing that records provided by CPA Livsey to the IRS were improperly seized "without a warrant or administrative summons or subpoena of any kind." Doc 45, Defendant's Motion , at 1.

On June 7, 2016, SA Applegate and IRS-CI Special Agent Andrew Moreno again made contact with CPA Livsey in order to try to obtain a copy of the summons. CPA Livsey again acknowledged that there was a summons, and stated that he had looked for the summons, but that he no longer had it, having purged his records from 2009 in his normal course of business. *See Exhibit D, Memorandum of Contact, Re: June 7, 2016 Carl Livsey Contact*, at 1.

CPA Livsey provided an affidavit to submit to the court regarding his memory of the summons.

---

[1] Special Agent Applegate will be at the hearing on June 24, 2016 and will be available to testify.

*Id.* at 1. It is attached to this Opposition as *Exhibit E*. It states:

> On a date (unknown to me at this time) I was served a summons for records of Michael Galloway and his businesses. I do remember Brian Applegate picking up the records from my office resulting in me complying with the summons. I no longer have a copy due to purging my records.

## II. ARGUMENT

The defendant's motion for return of documents should be denied because the defendant bases his motion on a circumstance that is not true, i.e. that SA Applegate received Michael Galloway's records from CPA Livsey without a summons. As set forth in the facts above, including CPA Livsey's affidavit, SA Applegate received Michael Galloway's records pursuant to an administrative summons. *See Exhibit E*, at 1. The summons was not maintained by SA Applegate and has also been purged by CPA Livsey, but that does not mean that it never existed. Moreover, if there had been no summons, but CPA Livsey had instead voluntarily given the records to SA Applegate, there still would be no basis for return of the property because there is no law precluding the IRS from obtaining records through cooperation of individuals and the defendant would not have an expectation of privacy in records given to his accountant in order for the accountant to input such information into a tax return to be submitted to the Internal Revenue Service. *Speck v. United States,* 59 F.3d 106, 107 (9th Cir. 1995) (quoting *United States v. Barksdale*, 499 F.Supp. 624, 628 (M.D. Fla. 1980) ("The mere fact that the IRS has the power under § 7602(2) to obtain information by issuing summonses does not require it to do so.")); *See also Couch v. United States*, 409 U.S. 322, 335 (1973).

Because CPA Livsey gave records to SA Applegate pursuant to an administrative summons, the defendant's motion for return of property should be denied.

## III. OTHER DISCOVERY REQUESTS

Defendant Galloway also requests production of all discovery that he is entitled to under the statutes and case law. The United States does not oppose such request and also requests reciprocal discovery from the defendant. The United States will continue to produce discovery as it becomes aware of discoverable items. Likewise, the United States intends to notify the defendant of any expert that it will call at trial pursuant to Rule 16(a)(1)(G) and will conduct a *Henthorn* inquiry into any

//

testifying law enforcement witnesses as required by *United States v. Henthorn*.

Dated: June 10, 2016

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ Megan A. S. Richards
Megan A. S. Richards
Assistant United States Attorney