HEATHER E. WILLIAMS, #122664
Federal Defender
ANN H. MCGLENON, #100433
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: 559-487-5561/Fax: 559-487-5950
ann.mcglenon@fd.org

Attorney for Defendant
MICHAEL GALLOWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  1:14-cr-00114 AWI-BAM |
| ) | |
| *Plaintiff,* ) | DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR RETURN OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL GALLOWAY, ) | |
| ) | DATE: June 24, 2016 |
| *Defendant.* ) | TIME:   1:00 p.m. |
| ) | JUDGE: Honorable Barbara A. McAuliffe |
| ) | |

The prosecution claims that while no one has a copy, that CPA Carl Livsey was served with process before seizing books and records belonging to Galloway without his permission. Livsey stated that he received a letter requesting a meeting with a specific date and time, and that Special Agent Applegate, et. al. came on a different date and seized the documents.  Livsey allegedly signed an "affidavit" that is not signed under penalty of perjury.  This was done last week.

Under Title 26, §301.7602 the IRS may summon a person having possession, custody, or care of books of accounts containing entries relating to the business of the person liable for tax or required to perform the act to appear before the IRS and give testimony under oath and produce

the books.[1]  This is not an informal procedure.  Now the prosecution comes in 7 years after the fact, with a piece of paper signed by the CPA stating that he believed that he was given a summons.  When we interviewed him, he stated that he received a letter and responded to it. The special agent does not, apparently, have a copy of that letter, either.  The prosecution has hinged its entire case on the word of Mr. Livsey, quoting him throughout the indictment, yet the Memorandum of Activity related to the alleged service was not written up until April 25, 2016. It is clear that the importance of the Summons, Form 2039 was known, "to obligate him to maintain and eventually provide the records to IRS-CI", but apparently not important enough to reproduce the summons or to maintain a proof of service.

      The Government cannot maintain possession of, inspect, copy or use the private papers of citizens when the papers were not obtained through any legal process or compulsion.  *Mason v. Pulliam,* 402 F.Supp.978 (1975); *Richey v. Smith,* 515 F.2d 1239 (5th Cir. 1975); *Hunsucker v. Phinney,* 497 F.2d 29 (5th Cir. 1974); *Criminal Tax Fraud,* Third Edition, North, Kenneth E. §§ 4.4, 5.22.

      The documents were seized without compulsory process.  *Mason v. Pulliam,* 402 F.Supp. 978, 981-82 (N.D. GA 1975).  Even if the documents were seized with a summons, and

---

[1] Effective: April 1, 2005

26 C.F.R. § 301.7602–1, Treas. Reg. § 301.7602–1
§ 301.7602–1 Examination of books and witnesses.

Currentness

**(a) In general.** For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax (including any interest, additional amount, addition to the tax, or civil penalty) or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, collecting any such liability or inquiring into any offense connected with the administration or enforcement of the internal revenue laws, any authorized officer or employee of the Internal Revenue **Service** may examine any books, papers, records or other data which may be relevant or material to such inquiry; and take such testimony of the person concerned, under oath, as may be relevant to such inquiry.

**(b) Summons—(1) In general.** For the purposes described in § 301.7602–1(a), the Commissioner is authorized to summon the person liable for tax or required to perform the act, or any officer or employee of such person or any person having possession, custody, or care of books of accounts containing entries relating to the business of the person liable for tax or required to perform the act, or any other person deemed proper, to appear before one or more officers or employees of the Internal Revenue **Service** at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry. This summons power may be used in an investigation of either civil or **criminal** tax-related liability. The Commissioner may designate one or more officers or employees of the IRS as the individuals before whom a person summoned pursuant to section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall appear. Any such officer or employee is authorized to take testimony under oath of the person summoned and to receive and examine books, papers, records, or other data produced in compliance with the summons.

**(2) Officer or employee of the IRS.** For purposes of this paragraph (b), officer or employee of the IRS means all officers and employees of the United States, who are engaged in the administration and enforcement of the internal revenue laws or any other laws administered by the IRS, and who are appointed or employed by, or subject to the directions, instructions, or orders of the Secretary of the Treasury or the Secretary's delegate. An officer or employee of the IRS, for purposes of this paragraph (b), shall include an officer or employee of the Office of Chief Counsel.

Galloway – Opposition to Motion for
Return of Documents

none can be shown to exist, an IRS summons is not self-enforcing. *Linn v. Chivatero,* 714 F.2d 1278 (5th Cir. 1983).

The prosecution cites *Speck v. United States,* 59 F3d 106, for the proposition that "there is no law precluding the IRS from obtaining records through cooperation of individuals and the defendant would not have an expectation of privacy in records given to his accountant", Opposition, page 3, lines 13 through 16. In *Speck*, the IRS was seeking information from taxi drivers about whether the Specks, mother and son owners of the company, were paying or collecting off book revenue. The court in *Speck* agrees that there is a statutory right to quash certain IRS summonses pursuant to 26 USC §7609, and even a letter under 26 USC § 7602(a)(2), because such a letter, appearing to make response mandatory or threatening IRS action becomes a summons. *Speck v. United States*, 59 F3d 106, 109 (9th Cir. 1995). Without providing either the summons or the letter, given CPA Livsey's response, it appears the documents were commanded. If there was a summons, it should be quashed, as it was clearly not compliant with service or other terms. If there was not a summons, the documents should be returned. The attempt by the prosecution to recreate the non-existent record at this time is improper.

The prosecution argues that it summoned the records, and that if it did not, it was because there was no requirement to do so. This circular argument is inapposite to the statutes and case law.

Dated: June 17, 2016

                          Respectfully submitted,

                          HEATHER E. WILLIAMS
                          Federal Defender

                           */s/ Ann H. McGlenon*
                          ANN H. McGLENON
                          Assistant Federal Defender
                          Attorney for Defendant
                          MICHAEL GALLOWAY

3

Galloway – Opposition to Motion for
Return of Documents