UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> MICHAEL GALLOWAY, <br> Defendant. | Case No. 1:14-CR-00114-DAD-BAM <br><br> **ORDER RE MOTION TO RETURN DOCUMENTS** <br><br> **(Doc. 45)** |

Pending before the Court is Defendant Galloway's motion to return documents. Defendant moves to this court for an order to return documents improperly seized and bar their use at trial, specifically including but not limited to the taxes and records for Catholic Online. The motion came on for hearing on June 24, 2106. Defense counsel Ann McGlenon appeared for defendant, and AUSA Megan Richards appeared for the government. The Court heard oral argument and requested supplemental briefing. The government filed its supplemental brief on July 5, 2016. Defendant filed his supplemental brief on July 20, 2016. Having considered the moving, opposition, and reply papers, and the supplemental briefs, the argument of counsel and the entire file, the Court rules as follows.

**Background and Parties' Positions**

As is relevant to the motion before the Court, Defendant Michael Galloway was indicted in a four count Indictment on May 29, 2014 for attempt to evade and defeat a payment of a tax in violation of 26 U.S.C. §7201. (Doc. 1.) Defendant Galloway operated a business called Catholic Online, as a sole proprietorship. Defendant Galloway used a certified public accountant (CPA) to complete his tax returns, CPA Carl Livsey. During the course of the investigation, the agent investigating the charges,

1

Agent Applegate, contacted CPA Livsey and obtained copies of Catholic Online's QuickBooks records. How Agent Applegate obtained the Quickbook records is the bone of contention in this motion.

Defendant Galloway contends that the documents were seized without compulsory process and should returned. Defendant argues that Agent Applegate neither obtained the records by an administrative summons nor by a subpoena. In the course of discovery, other documents were produced to Defendant and each packet of documents contained a summons or subpoena as the means by which the government came into possession of the documents. For the Quickbook records obtained from CPA Livsey, neither a summons nor a subpoena was attached to the documents. Defendant reasons that these Quickbook documents therefore were not lawfully seized. No summons has been produced and no one has a copy. It is disputed that CPA Carl Livsey was served with process before seizing books and records belonging to Galloway without his permission.

The government contends that during the course of the investigation in 2009, Agent Applegate contacted CPA Livsey and served him with a handwritten administrative summons for records relating to Michael Galloway. He inadvertently did not retain a copy of the summons. In March 2016, Agent Applegate again contacted CPA Livsey about a copy of the summons. CPA Livsey sent an email back to the Agent and stated that he does not have records from 2009. In response to this motion, the government submits evidence of these contacts and facts. In addition, the government submits a handwritten Affidavit signed by CPA Livsey stating that CPA Livsey was served with a summons for records of Defendant Galloway and that he recalls Agent Applegate picking up the records. (Doc. 51-5.) The government also argued at the hearing that it was not required to obtain the documents by summons or subpoena if the producing person would voluntarily turn over the documents. Thus, voluntary cooperation by the person in possession of the documents does not create unlawfully seized documents.

///
///
///
///

**Analysis and Discussion**

Federal Rule of Criminal Procedure 41(g) provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A motion for return of property pursuant to Rule 41(g) may be granted if: (a) the defendant is entitled to lawful possession of the seized property; (b) the property is not contraband; (c) the property is not subject to forfeiture; and (d) the government no longer needs the property as evidence. *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir.1996). If a motion for return of property is made while a criminal proceeding is pending, the burden is on the movant to show that he is entitled to the property. *U.S. v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir.1991).

The central issue in the return of the documents is whether they were unlawfully seized. At oral argument, the Court asked whether the documents could have been voluntarily turned over by CPA Livsday, as in any other criminal investigation, or was the IRS regulatory constrained to obtain documents only in a formal manner. In the government's supplemental briefing, the government cites *United States v. Speck* which held that the IRS may use informal, noncompulsory means of investigation. 59 F.3d 106, 108 (9th Cir. 1995). In *Speck*, the Ninth Circuit rejected an argument that the IRS may only obtain information by an administrative summons. The Court specifically noted that informal or noncoercive attempts to obtain information about failures to report income are permitted. Defendant Galloway's attempt to distinguish *Speck* is not persuasive. As the Ninth Circuit has stated, "the mere fact that the IRS has the power under § 7602(2) to obtain information by issuing summonses does not require it to do so." *Speck,* 59 F.3d at 108 (citing *United States v. Barksdale*, 499 F.Supp. 624, 628 (M.D.Fla.1980)). Thus, the IRS could have obtained the documents by voluntary compliance by CPA Livsey.

The evidence presented to the court, however, is that an administrative summons was issued to CPA Livsey. Agent Applegate presents evidence that he sent CPA Livsey an administrative summons. CPA Livsey submitted evidence that he recalls being served with a summons before turning over the documents to the IRS. Accordingly, the sole evidence before the court is that an

3

administrative summons was issued for the documents and the documents were turned over pursuant to the summons.[1]

In his supplemental brief, defendant argues that *Speck* is inapplicable because the government claims Agent Applegate served a summons. Because the Agent served a summons, voluntary cooperation by CPA Livsey is not at issue. Rather, since compulsory process, via a summons, is at issue, Agent Applegate was required to comply with IRS regulations. In his supplemental brief, Defendant argues that the summons and service violated the IRS enabling statutes. Defendant cites several statutory provisions and IRS policy manual provisions to substantiate the deficiencies in the summons and service of the summons. See Doc. 63, citing 26 U.S.C. §§7603, 7609; Internal Revenue Manual 25.5.1.3.3; 25.6.6.1; 25.5.3.2. Defendant argues that he did not receive notice of the summons.

As to Defendant's receipt of notice, the Court does not have before it any <u>evidence</u> of whether, or not, service of the summons was effectuated on defendant. The technical deficiencies which are raised might be persuasive in a motion to quash the summons, but not in a motion to return the documents pursuant to Rule 41. This is not a summons enforcement proceeding where technicalities are at issue.[2] CPA Livsey complied with the summons. The "statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir.1985). The taxpayer carries a "heavy" burden of showing either abuse of process or lack of institutional good faith. *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1414 (9th Cir.1993). Here, the government is properly in possession of the documents, either by summons or by request. The documents could have been voluntarily produced yet were produced pursuant to a summons. The subject of the summons complied with the summons. The Court will not order return of the documents, which the IRS had the right to obtain with the consent of CPA Livsey, based on

---

[1] The Court cannot locate the citation relied upon by defendant of *Linn v. Chivatero,* 714 F.2d 1278 (5th Cir. 1983). Defendant cites this authority for the proposition that an IRS summons is not self-enforcing. Regardless, voluntary compliance with a summons does not make the documents released by CPA Livsey as "unlawfully obtained."

[2] For enforcement of an IRS summons, the IRS only has to make a "minimal showing" that the administrative steps. *Scharringhausen v. United States,* 686 F. Supp. 2d 1069, 1077 (S.D. Cal. 2009), on reconsideration in part, No. 06 CV 2167 JLS (CAB), 2010 WL 2735750 (S.D. Cal. July 12, 2010).

speculation of the summons' technical deficiencies. Therefore, as there is no evidence that the documents were unlawfully seized, the motion to return the documents turned over by CPA Livsey is denied.

**Conclusion**

Defendant Michael Galloway's motion to return documents is DENIED.

IT IS SO ORDERED.

Dated:   **July 22, 2016**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE