UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL GALLOWAY,<br><br>　　　　Defendant. | No. 1:14-cr-00114-DAD-BAM-1<br><br>ORDER DENYING MOTION TO DISMISS |

**BACKGROUND**

Defendant Michael Galloway is charged by way of indictment with four counts of attempting to evade and defeat payment of tax with respect to the tax years 2003, 2004, 2005, and 2006 in violation of 26 U.S.C. § 7201. (Doc. No. 1.) On July 31, 2017, this matter came before the court for hearing on defendant's motion to dismiss the indictment. (Doc. No. 100.) Assistant United States Attorneys Megan Richards and Michael Tierney appeared on behalf of the government. Assistant Federal Defender Erin Snider and defendant's then-appointed counsel Ann McGlenon appeared on behalf of defendant Galloway. (Id.) After hearing oral argument, the motion was submitted for decision. For the reasons set forth below, defendant Galloway's

/////

/////

/////

1

motion to dismiss will be denied.[1]

The parties are well aware of what occurred here leading to both the continuance of the trial in this case and the filing of this motion to dismiss. In short, nine days prior to the scheduled commencement of trial the government disclosed that during trial preparation the IRS case agent discovered significant errors in his calculations of defendant Galloway's alleged underreporting of income for the tax years 2003, 2004, and 2005. According to the government, corrections to those calculations still resulted in significant underreporting of income for each of the tax years charged in the indictment, but in amounts admittedly less than referred to in the indictment.[2] Upon the government's disclosure of these errors, the defense requested and was granted a continuance of the trial to provide time for the filing of a motion to dismiss and, if that motion was denied, to prepare for trial in light of the new underreported income calculations. (Doc. No. 97.)

**ARGUMENTS OF THE PARTIES**

Defendant moved to dismiss the pending indictment on the grounds that: (1) the government's presentation of and failure to correct the IRS case agent's false testimony before the grand jury violated his right to due process; and (2) the government's reliance on that false testimony violated his Fifth Amendment right to an independent and impartial grand jury. In support of the first argument, defendant points out that the government violates a defendant's due

---

[1] After the matter was heard, attorney McGlenon was granted leave to withdraw and Assistant Federal Defender substituted in as co-counsel on behalf of the defendant. (Doc. Nos. 106 and 107.) Prior to that, the court had continued the previously scheduled May 23, 2017 trial date to March 13, 2018, at the request of the defense. (Doc. No. 97.) The court apologizes to the parties for the delay in the issuance of this order. Until it was recently brought to its attention, the court erroneously believed that the order had been filed shortly after the hearing.

[2] The indictment charges that for the tax years 2003 through 2006, defendant Galloway underreported the taxable income of he and his wife by just over $1 million dollars, resulting in an additional tax due and owing of approximately $234,473. (Doc. No. 1 at 3.) At the late stages of trial preparation the government discovered that the case agent had made two errors in calculating the underreported income. Upon being made aware of those errors, the government had another IRS Revenue Agent conduct a full bank deposit analysis of the defendant's bank records which resulted in the determination that the underreporting of income was less than originally believed and that the tax due and owing was approximately $127,715 as opposed to the $234,473 referred to in the indictment.

2

process rights when it obtains a criminal conviction by knowingly introducing false testimony or failing to correct testimony it learns is false. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Defendant argues that the Ninth Circuit has extended *Napue* to the grand jury context in holding that the Fifth Amendment is violated where a defendant is required to stand trial on an indictment the government knows was obtained based upon perjured or false material testimony. *See United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974). Defendant contends that here the false grand jury testimony went to the heart of the charges against him, including the issue of his willful underreporting of income for the tax year in question, and that there is a reasonable likelihood that the false testimony affected the grand jury's decision to indict.

In support of the second grounds for dismissal, defendant argues that the court may dismiss an indictment if it finds that constitutional error interfered with the integrity of the grand jury proceeding (see *United States v. Isgro*, 974 F.2d 1091, 1094 (9th Cir. 1992)) or where prosecutorial misconduct undermines the grand jury's ability to make an informed, objective evaluation of the evidence presented (*see United States v. Sears, Roebuck & Co.*, 719 F.2d 1386, 1391 (9th Cir. 1983)). In this regard, defendant emphasizes that the relevant inquiry is the impact of the misconduct on the grand jury's impartiality. *Id*. Here, defendant argues, dismissal is required because the IRS case agent was the sole witness to appear before the grand jury, his testimony was clearly false and, as a result, the grand jury could not conduct the required informed and objective evaluation of the evidence in reaching its decision to vote to return the indictment.

In its opposition, the government argues that dismissal is not called for here because this case does not involve perjury, or even knowingly false testimony, before the grand jury and the defendant was not prejudiced by the grand jury testimony which was based upon the IRS case agent's erroneous calculations of the amount of unreported income. The government emphasizes that the agent's incorrect calculation of unreported income that he testified about before the grand jury was immaterial because in a tax evasion prosecution the government is required to prove only that the defendant owed more federal income tax for the calendar year than was declared on his tax return. The government notes that the case agent testified that defendant Galloway's

3

returns for each of the tax years in question declared $0 taxable income and $0 federal income tax due even though he in fact had significant income in each of the four tax years charged.

## ANALYSIS

As noted above, defendant Galloway has moved to dismiss the indictment brought against him. Of course, "[d]ismissal of an indictment is considered a 'drastic step' and is generally disfavored as a remedy." *United States v. Fuchs*, 218 F.3d 957, 964 (9th Cir. 2000) (quoting *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir.1993)). Against this backdrop, the court turns to defendant's specific arguments for dismissal.

First, defendant moves for dismissal on the grounds that the IRS case agent's false testimony before the grand jury violated his right to due process. It is clear that "a conviction obtained through use of false evidence, known to be such by representatives of the State" violates the defendant's right to due process. *Napue*, 360 U.S. at 269. The government's general obligation in this regard extends to testimony presented to a grand jury. *Basurto*, 497 F.2d at 785–86; *see also United States v. Hogan*, 712 F.3d 757, 762 (2d Cir. 1983). To obtain relief, the defendant claiming such a due process violation "must show that '(1) the testimony . . . was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011) (quoting *United States v. Zuno–Arce (Zuno-Arce II)*, 339 F.3d 886, 889 (9th Cir. 2003)).

Here, the government concedes that the amount of underreported income and the amount of tax due and owing as testified to by the case agent before the grand jury was inaccurate to some extent due to two errors embodied in the agent's calculation. In that sense, the testimony presented to the grand jury was false. However, defendant Galloway does not contend that the prosecution knew or should have known that the agent's grand jury testimony was not accurate when presented to the grand jury, nor does the defense contend that the case agent's grand jury testimony constituted perjury. Under the legal standards set forth above, that may end the due process inquiry and preclude the granting of the requested relief on this ground. Defendant argues, however, that the government need not know that the testimony was false in order for

4

there to be a due process violation under *Napue*. In so contending, defendant relies upon the following language:

> However, a government's assurances that false evidence was presented in good faith are little comfort to a criminal defendant wrongly convicted on the basis of such evidence. A conviction based in part on false evidence, even false evidence presented in good faith, hardly comports with fundamental fairness. Thus, even if the government unwittingly presents false evidence, a defendant is entitled to a new trial "if there is a reasonable probability that [without the evidence] the result of the proceeding would have been different."

*United States v. Young,* 17 F.3d 1201, 1203–1204 (9th Cir. 1994) (quoting *United States v. Endicott*, 869 F.2d 452, 455 (9th Cir.1989)). Of course, *Young* was a case where false testimony was presented at trial rather than before the grand jury and the defense has cited no authority for the proposition that it applies in the latter context.

Nonetheless, assuming without deciding that the holding in *Young* applies in the grand jury context, defendant Galloway has failed to demonstrate that the inaccurate testimony was material to the return of the indictment against him. The court has reviewed the grand jury testimony, which was summary in nature, in its entirety. Despite the subsequently discovered errors embodied therein, that testimony supported a finding of probable cause as to each of the four counts of the indictment. Specifically, the case agent testified that for each of the four tax years in question defendant Galloway reported $0 taxable income and $0 tax due despite significant cash flow and personal expenditures including mortgages. In addition, the case agent testified that defendant Galloway caused his CPA to deduct significant personal expenses as business expenses and that he had no apparent source of nontaxable income. Having failed to demonstrate that any inaccurate or false grand jury testimony was material to the grand jury's decision to return the indictment in this case, defendant is not entitled to relief on his claim that his due process rights were violated.

Second, defendant moves to dismiss the indictment on the grounds that the government's reliance on the case agent's false testimony violated his Fifth Amendment right to an independent and impartial grand jury. As defense counsel made clear at oral argument on the motion, in this regard defendant Galloway is contending that structural error subverted the grand jury's

independence. Defendant's argument is unpersuasive under binding authority. The Ninth Circuit has stated:

> "[M]ost constitutional errors can be harmless . . . Only in rare cases has [the Supreme Court] held that an error is structural, and thus requires automatic reversal." *Washington v. Recuenco*, 548 U.S. 212, 218, 126 S. Ct. 2546, 165 L.Ed.2d 466 (2006) (internal quotation marks and citation omitted). In the grand jury context, the only identified structural error to date is discrimination on account of race or sex in the selection of grand jurors. *See Bank of Nova Scotia*, 487 U.S. at 257, 108 S. Ct. 2369. This error—which concerns the composition of the grand jury—is structural, as it "permeate[s] 'the entire conduct of the [proceeding] from beginning to end,' " and cannot be "quantitatively assessed in the context of other evidence presented in order to determine whether [the error] was harmless beyond a reasonable doubt." *Campbell v. Rice*, 408 F.3d 1166, 1171–72 (9th Cir. 2005) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 307–08, 309–10, 111 S. Ct. 1246, 113 L.Ed.2d 302 (1991)).
>
> Neither the failure to: (1) correct false testimony affecting a witness's credibility nor (2) disclose impeachment information falls into this narrow structural category that requires automatic reversal. We previously held in *United States v. Sitton*, 968 F.2d 947, 954 (9th Cir. 1992), abrogated on other grounds by *Koon v. United States*, 518 U.S. 81, 116 S. Ct. 2035, 135 L.Ed.2d 392 (1996), that "[p]resentation of perjured testimony to the grand jury is not such a structural flaw."

*United States v. Harmon,* 833 F.3d 1199, 1204 (9th Cir. 2016).

Moreover, when a claim such as this is presented prior to trial, the issue is whether the defendant has been prejudiced by the presentation of the inaccurate or false grand jury testimony. *Nova Scotia v. United States*, 487 U.S. 250, 254–55 (1988). Prejudice exists "'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from substantial influence of such violations." *Id*. at 256; *see also United States v. Brooks,* 125 F.3d 484, 498 (7th Cir. 1997) (prejudice exists where the false testimony had a substantial effect on the grand jury's decision to indict or when it is "quite doubtful" that the decision to indict was uninfluenced by the violation); *United States v. Brewer,* 1 F.3d 1430, 1433 (4th Cir. 1993). For the reasons explained above, defendant Galloway has not made a showing of prejudice here.

/////

/////

6

**CONCLUSION**

For all of the reasons set forth above, defendant's motion to dismiss the indictment (Doc. No. 100) is denied.

IT IS SO ORDERED.

Dated: __**January 5, 2018**__  _____
UNITED STATES DISTRICT JUDGE