HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
MICAHEL GALLOWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No:  1:14-CR-00114-DAD |
| Plaintiff, | MOTION TO DISMISS MULTIPLICITOUS COUNTS |
| vs. | MOTION FOR A BILL OF PARTICULARS (Sixth Amendment/Fed. R. Crim. P. 7) |
| MICHAEL GALLOWAY | |
| Defendant. | Date:  March 5, 2018 |
| | Time:  10:00 a.m. |
| | Judge: Hon. Dale A. Drozd |

Defendant, MICHAEL GALLOWAY, by Heather E. Williams, Federal Defender, by

Douglas Beevers, Assistant Federal Defender, hereby moves to dismiss multiplicitous counts of

which violate the double jeopardy clause of the U.S. Constitution.  In the alternative, Mr.

Galloway requests the Court order the United States to provide a bill of particulars to describe

which conduct it alleges violates each count of the indictment.

Multiplicity occurs where a single offense is charged in multiple counts.  *United States v.*

*Lynn*, 636 F.3d 1127, 1138 (9th Cir. 2011).  When a single statutory provision is violated, the

relevant inquiry is "[w]hat Congress has made the allowable unit of prosecution." *United States*

*v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952).  In *Universal C.I.T. Credit Corp.*,

*supra*, the Supreme Court upheld the trial court's action in requiring the government to aggregate

numerous counts of violations of the wage and hour laws into one count for each type of violation.  The Court held that once the defendant decided to pay wages of a certain amount, each successive day on which wages were paid in that amount constituted more evidence of the one illegal decision, and not a separate violation.  *Id*.  In *Ladner v. United States*, 358 U.S. 169 (1958), the Court held that the defendant's single discharge of a shotgun is but one violation of assault on federal officers, notwithstanding that two such officers were wounded.  In *Bell v. United States*, 349 U.S. 81 (1955), the Court held that a single transportation of two women is one violation of The Mann Act.  Simultaneous illegal possession of multiple firearms is a single offense for multiplicity purposes, unless there is a showing that they were stored or acquired at different locations. *United States v. Ankeny*, 502 F.3d 829, 838 (9th Cir. 2007).  In *Ankeny* the Ninth Circuit held the district court should dismiss all but one of the counts which alleged possession of separate firearms on a single date.  *Id*.

In Mr. Galloway's case he is indicted with four counts of attempting to evade tax based on four separate tax years.  The indictment alleges in four counts that Mr. Galloway committed five acts of tax evasion.  Count 1 alleges the filing of a false 2003 tax return on October 24, 2005, (act #1) and "on or about February 23, 2010, making false statements to IRS Special Agents and a tax Compliance officer to conceal defendant's income during the 2003 tax year" (act #2).  Count 2 alleges the filing of a false tax return for the 2004 tax year on November 7, 2005 (act #3) and also alleges Mr. Galloway made false statements "on or about February 23, 2010 . . . to conceal the defendant's income during the 2004 tax year."  This second count appears to be alleging the same false statement regarding tax liability on February 23, 2010 as alleged in Count 1. Count 3 alleges a fourth act, the filing of a false 2005 tax return on November 6, 2006, (act #4) as well as re-alleging the alleged false statements during the February 23, 2010 interview with IRS agents.  Count 4 alleges the filing of a false 2006 tax

return on August 18, 2006, (act #5), and re-alleges the false statement allegations regarding the February 23, 2010 I.R.S. interview. (ECF 1)

In its response to Mr. Galloway's motion to dismiss, the United States conceded that three of the separate acts alleged in the indictment are outside the statute of limitations.  In denying the motion to dismiss based on the statute of limitations, this Court held that Count 4 was filed within the statute of limitations, and held that Counts 1, 2, and 3 were within the statute of limitations because the alleged false statements on February 23, 2010 were within the statute of limitations.  The Court's denial of the motion to dismiss has created a multiplicity issue because the Court held that the Government can only convict on Counts 1, 2, and 3 if the Government proves that Mr. Galloway made the false statements on February 23, 2010, with the intent to defeat tax liability which he incurred during 2003 to 2005.  The double jeopardy clause prohibits multiple punishment for the same act, and as charged there is a substantial risk that the jury might convict Mr. Galloway of three counts for a single alleged false statement.  Paragraph 12 of the indictment alleges general false statements which are not tied to any specific tax year such as Mr. Galloway's alleged claim that "he lived on only a couple of hundred buck a week" and that he "he makes his mortgage payment from cash that he has saved over 40 years." Indictment ECF 1 at para. 12.

Since Counts 1, 2, and 3 can only be sustained based on false statements, the multiplicity analysis is identical to the Ninth Circuit's analysis in 18 U.S.C. § 1001 cases. The Ninth Circuit has held that an indictment charging defendant with two counts of making material false statements to FBI agents was multiplicitous, even though separate counts referred to statements made on different dates, beacuse defendant made identical false statements in response to identical questions from the same agent, and repetition of the falsity in the second interview did not further impair the government's investigation inasmuch as no new lines of investigation were

opened. *United States v. Stewart*, 420 F.3d 1007, 1013-14 (9th Cir. 2005), appeal after new sentencing hearing 333 Fed. App'x. 323, 2009 WL 3249839, post-conviction relief denied 2011 WL 3681562.

Prosecution in one count for several separate tax years has been upheld as not duplicitous. *United States v. Root*, 585 F.3d 145 (3d Cir. 2016).  Prosecution to trial of multiplicitous counts does not violate the double jeopardy clause under *Ball v. United States*, 470 U.S. 856, 860 at n.7 (1985).  However, according to the procedure suggested in *Ball*, *supra*, if the jury convicts on both counts and the judge agrees with this motion at the conclusion of the trial, the trial judge must enter conviction only on one count.  See also *Ankeny*, *supra*, granting a post-plea multiplicity motion.

Rule 7(f) permits the Court to order the United States to provide a bill of particulars at any time.  Fed. R. Crim. P. 7(f).  Mr. Galloway needs a bill of particulars in order to protect his double jeopardy rights if the Government seeks to convict for several counts based on closely related statements made during a single interview.  The Court needs a bill of particulars in order to rule on the multiplicity issue after the close of the Government's case or at the close of the trial.

Dated: January 23, 2018                    Respectfully submitted,

                                           HEATHER E. WILLIAMS
                                           Federal Defender

                                           */s/ Douglas Beevers*_____
                                           DOUGLAS BEEVERS
                                           Assistant Federal Defender
                                           Attorney for Defendant

                                           */s/ Erin Snider*_____
                                           ERIN SNIDER
                                           Assistant Federal Defender
                                           Attorney for Defendant