McGREGOR W. SCOTT
United States Attorney
MEGAN A. S. RICHARDS
MICHAEL G. TIERNEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-000114 DAD |
|---|---|
| Plaintiff, | GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE |
| v. | DATE: March 13, 2018 |
| MICHAEL GALLOWAY, | TIME: 8:30 a.m. |
| Defendants. | COURT: Hon. Dale A. Drozd |

The United States, by and through its attorneys, McGregor W. Scott, United States Attorney, and Megan A. S. Richards and Michael G. Tierney, Assistant United States Attorneys, submits the following motions *in limine*:

## I. STATEMENT OF RELEVANT FACTS

The defendant is charged in an indictment with four counts of tax evasion, in violation of Title 26, United States Code, Section 7201. The indictment alleges the defendant committed tax evasion by filing a false and fraudulent U.S. Individual Income Tax Return, Form 1040, with an attached Schedule C (for his business, Catholic Online), and also making false statements to IRS Special Agents and a Tax Compliance Officer to conceal his income during tax years 2003 through 2006. Indictment, Doc. 1, at 4-6. Trial is set to begin in this case on March 13, 2018.s

## II. MOTIONS *IN LIMINE*

### A. Motion *in Limine* #1: The Defendant Should Be Precluded from Introducing His Own Self-Serving Statements Unless He Testifies Subject to Cross-Examination.

The defendant may seek to introduce his own statements through witnesses other than himself. However, it is well settled that under Rule 801(d)(2)(A) of the Federal Rules of Evidence that only the government can offer into evidence a defendant's prior statement. *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("The self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay . . . but the non-self-inculpatory statements are inadmissible hearsay."). In contrast, a defendant may not introduce his or her own inadmissible hearsay statements into evidence by eliciting them from defense witnesses or by cross-examining government witnesses. *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (district court properly precluded defense counsel from eliciting, on cross-examination, defendant's post-arrest statement denying participation in robbery). In other words, Rule 801(d)(2)(A) precludes the defendant from putting exculpatory statements "before the jury without subjecting [themselves] to cross-examination, precisely what the hearsay rule forbids." *Id.* (citing Fed. R. Evid. 801(c)). *See also United States v. Gomez*, 772 F. Supp. 2d 1185, 1197 (C.D. Cal. 2011) (granting government's motion *in limine* to preclude improper defendant hearsay statements, including his statements regarding his personal use of methamphetamine).

The rule of completeness, codified in Rule 106 of the Federal Rules of Evidence, does not mandate a different result. Rule 106 only applies to writings or recorded statements, not to oral conversations.[2] *Ortega*, 203 F.3d at 682 ("the rule of completeness . . . applies to written and recorded statements."). The rule of completeness does not compel the admission of all statements made during the same event, *e.g.,* the same interview. *Id.* ("[Defendant's] non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements."). In this case, the rule of completeness will be inapplicable where the government seeks to introduce the defendant's oral statements made to witnesses, rather than a written record or report containing such statements. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) ("Rule 106 is inapplicable . . . because no writing or recorded statement was introduced by a party").

Thus, the government requests that defense counsel be prohibited from eliciting self-serving

exculpatory statements from witnesses, including through cross-examination of government witnesses. The defendant's out-of-court statements that are not offered into evidence by the government are inadmissible hearsay under Fed. R. Evid. 801(c) and do not fall under any exception to the hearsay rule. *See United States v. Mitchell*, 502 F.3d 931, 964-65 (9th Cir. 2007) ("These statements [by defendant] were inadmissible hearsay; as [defendant] was attempting to introduce them himself, they were not party-opponent admissions, nor did the fact that they were made in a more broadly self-inculpatory confession bring them within the statement-against-interest exception."); Ortega, 203 F.3d at 682 (affirming trial court's preclusion of defendant eliciting on cross-examination exculpatory statements given to law enforcement officer). Thus, the Court should preclude the defendant from presenting "self- serving hearsay" that the government is unable to cross-examine. If the defendant wants to introduce her own self-serving statements, she may testify and be cross-examined.

Similarly, the defendant cannot admit his own statements through other witnesses as prior consistent statements under Rule 801(d)(1)(B). A party seeking to admit the statements under Rule 801(d)(1)(B) must satisfy four elements: (1) the declarant-defendant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant-defendant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the challenged in-court testimony; and (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose. *United States v. Chang Da Liu*, 538 F.3d 1078, 1086 (9th Cir. 2008) (citing *United States v. Collicot*, 92 F.3d 973, 979 (9th Cir. 1996)). *See also Tome v. United States*, 513 U.S. 150, 157-58 (1995). Thus, to admit his or her own statements as prior consistent statements under Rule 801(d)(1)(B) a defendant would have to testify at trial and be subject to cross-examination.

### B.  Motion in Limine #2: Reference to Potential Penalty or Punishment Should Be Precluded.

The defendant, including his counsel, should be precluded from commenting on or referring, either directly or indirectly, to the potential penalties or punishment facing the defendant in this case. "It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). A jury's task is to "find the facts and to decide whether, on

those facts, the defendant is guilty of the crime charged," while "[t]he judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id*. The Supreme Court has recognized that presenting jurors with information regarding the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion." *Id*. (citations omitted). See 9th Cir. Model Crim. Jury Instr. 7.4 (2010) ("The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.") (emphasis added).

The potential penalty that defendant faces if he is convicted does not have any tendency to make the existence of a fact more or less probable in any of the elements necessary to prove the charges in the indictment. See Fed. R. Evid. 401. Evidence or argument relating to the potential consequences of a guilty verdict is "irrelevant to the jury's task" of determining if the defendant is guilty of the crimes charged. *Shannon*, 512 U.S. at 579. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). Thus, the defendant and his counsel should be precluded from introducing facts and argument related to any potential penalty or punishment during any stage of the trial, including opening statement and closing argument.

### C. Motion *in Limine* #3: Defendant Should be Precluded from Improper Efforts to Elicit Jury Sympathy, Including Any Improper Effort to Elicit Bias Based on Religious Affinity.

Evidence referring to the defendant's religious beliefs or references to the effect of the investigation or a conviction upon the defendant's family, have no bearing on the charges in this case and should be precluded. This kind of information is irrelevant and amounts to nothing more than an appeal to the sympathy and bias of the jury. Evidence that is not relevant is not admissible, and even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 402-403. The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." 9th Cir. Model Crim. Jury Instr. 3.1 (2010). *See United States v. Ramirez*, 482 F.2d 807, 816 (2d Cir. 1973); *United States v. Dochee*, No. 08-CR-108-4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) (excluding

"any argument or evidence designed to invoke the sympathy of the jury with respect to the impact of a conviction on defendant's family").

Personal or familial consequences of trial or conviction should play no part in the jury's deliberations whether a defendant is guilty of the crimes charged. *United States v. Hill*, No. 3:09-CR-59, 2010 WL 4604033, at *1-2 (W.D. Ky. Nov. 2, 2010) (effect of conviction on defendant's family excluded under Fed. R. Evid. 401 as irrelevant to guilt). Accordingly, the defendant and his counsel should be precluded from commenting on or referring to any topics related to sympathy during any stage of the trial, including opening statement and closing argument.

### D.     Motion in Limine #4: Opinions on the Defendant's Guilt or Innocence

The United States requests an Order in limine precluding the defendant from stating through defense counsel, or eliciting through any witness, any opinion on any defendant's guilt or innocence. Any attempt by a defense witness to express to the jury an opinion on the defendant's guilt or innocence is an invasion of the province of the jury and should be prohibited. This evidence is also not relevant under the Federal Rules of Evidence 401 and should not be admitted.

### E.     E. Motion in Limine #5: Disputes Over Admissibility of Any Witnesses' Prior Convictions Should Be Held Outside the Presence of the Jury.

The government will provide "rap sheets" to the defense for the government's prospective witnesses at trial, which will show witness' prior arrests and convictions, if any. As a threshold matter, Fed. R. Evid. 609 does not permit the use of prior arrests for impeachment purposes. *Medrano v. Los Angeles*, 973 F.2d 1499, 1507 (9th Cir. 1992). Any convictions over ten years old are presumptively inadmissible under Fed. R. Evid. 609(b). *United States v. Bay*, 762 F.2d 1314, 1317 (9th Cir. 1984) ("Evidence of a conviction more than ten years old is presumptively inadmissible as too remote."); see also *United States v. Bensimon*, 172 F.3d 1121, 1126 (9th Cir. 1999).

In order to overcome the presumption, the burden is on the proponent of the evidence to show, with specific facts and circumstances, that the probative value substantially outweighs its prejudicial effect. *Bensimon*, 172 F.3d at 1125; *United States v. Portillo*, 633 F.2d 1313, 1323 (9th Cir. 1980).

Accordingly, unless the defendants can point to specific facts to overcome the presumption of Rule 609(b), convictions over ten years old are inadmissible. See *United States v. Lorenzo*, 43 F.3d 1303, 1308

(9th Cir. 1995) (excluding conviction ten years and five months old). The proponent must also serve prior written notice on the adverse party of intent to use such a conviction. Fed. R. Evid.609(b)(2).

At this point in the case, the Government's list of trial witnesses has not been finalized. Thus, it is unclear which, if any, witness convictions would implicate potential application of Rule 609. With respect to any witness criminal convictions purportedly within the purview of Rule 609(a)(1) or (2), the governments requests that disputes as to the admissibility of such convictions be heard by the Court outside of the presence of the jury prior to the testimony of the affected witness. *See United States v. Halbert,* 668 F.2d 489, 493 (10th Cir. 1982) ("where the question of admissibility arises under Rule 609 there ought to be a proceeding outside the presence of the jury before any mention of prior convictions is made in the presence of the jury") (citations omitted).

### F.     F. Motion in Limine #6: Request for Notification of Defenses

The United States also moves the Court pursuant to Federal Rule of Criminal Procedure 12.2 to direct the defendants to immediately either (1) inform the government if they intend to (a) rely on a defense of insanity, and (b) present expert testimony relating to a mental disease or defect or any other mental condition of the defendant(s) bearing on the issue of guilt; or, (2) in the alternative, be precluded from raising such defenses at trial. Failure to provide such advance notice may lead the court, in its discretion, to exclude such evidence. The rule further establishes that such notice is to be given by the deadline for the filing of pretrial motions. Fed. R. Crim. Proc. 12.2(a). No notice thus far has been given, so the United States will seek to preclude reliance on this type of information or defense.

The United States also moves the Court pursuant to Federal Rule of Criminal Procedure 12.1 to direct defendant(s) to either: (1) advise the government whether they intend to use an alibi defense as to the date of any of the charges in the indictment, as well as the names and addresses of witnesses upon whom they will rely for this defense; or (2) in the alternative, be precluded from raising such a defense at trial.

Specifically, if the defendants intend to assert an alibi defense, the government requests the time, date, and place at which the defendants claim to have been at the time of the alleged offenses, and the names and addresses of the witnesses upon whom they intend to rely at trial. Further, the United States moves the Court to direct that, if prior to or during the trial defendants discover any additional alibi witnesses, they are to promptly notify undersigned counsel or the Court of the existence of such additional witnesses.

The rule establishes that a defendant shall respond within fourteen (14) days of written demand by the government, or at such time as the court may direct. The rule further establishes a continuing duty to disclose the identity of any other discovered alibi witnesses.

### III.     III. CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court grant these motions *in limine*.

Dated: January 29, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ MEGAN A. S. RICHARDS
MEGAN A. S. RICHARDS
MICHAEL G. TIERNEY
Assistant United States Attorneys