HEATHER E. WILLIAMS, #122664
Federal Defender

DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

ERIN SNIDER, #304781
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721
Telephone: (559) 487-5561

Attorneys for Defendant
MICHAEL GALLOWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 1:14-cr-00114-DAD-BAM |
|---|---|
| Plaintiff, | ) |
| | ) DEFENDANT'S OPPOSITION TO |
| vs. | ) GOVERNMENT'S MOTIONS *IN LIMINE* |
| | ) |
| MICHAEL GALLOWAY, | ) Date: March 5, 2018 |
| | ) Time: 10:00 a.m. |
| Defendant. | ) Judge: Hon. Dale A. Drozd |

Defendant Michael Galloway, by and through his counsel of record, Assistant Federal Defenders Douglas Beevers and Erin Snider, hereby files his response to the government's motions *in limine*, filed on January 29, 2018 (docket no. 112).

**I.     MOTION *IN LIMINE* #1: SELF-SERVING STATEMENTS**

First, the government requests "defense counsel be prohibited from eliciting [the defendant's own] self-serving exculpatory statements from witnesses, including through cross-examination of government witnesses." Government's Motions *in Limine*, Docket No. 112, at 2-3. The government does not identify any specific statement that it seeks to exclude from evidence. Because this request does not identify any particular statement, defense counsel has no

response. Should the government raise an objection at or before trial to a specific statement, defense counsel will respond at that time.

## II. MOTION *IN LIMINE* #2: REFERENCE TO PENALTY OR PUNISHMENT

Second, the government requests that the defense be "precluded from commenting on or referring, either directly or indirectly, to the potential penalties or punishment facing the defendant in this case." Government's Motions *in Limine*, Docket No. 112, at 3. The defense has no objection to this well-established principle.

## III. MOTION *IN LIMINE* #3: RELIGIOUS AFFINITY AND IMPACT ON FAMILY

Third, the government requests that the Court exclude "[e]vidence referring to the defendant's religious beliefs or references to the effect of the investigation or a conviction upon the defendant's family." Government's Motions *in Limine*, Docket No. 112, at 4. The defense does not object to exclusion of testimony regarding how this case has or will affect Mr. Galloway's family.

The defense, however, objects to exclusion of Mr. Galloway's religious beliefs. It is impossible to separate Mr. Galloway's religious beliefs from the evidence both parties will introduce at trial. The government's case revolves around Mr. Galloway's business, Catholic Online, which is a Catholic news and interest website. Mr. Galloway seeks to operate Catholic Online in accordance with the teachings of the Catholic faith. A majority of Catholic Online's customers are Catholic organizations, including churches and businesses. Thus, Mr. Galloway's religious beliefs will necessarily come up at trial.

Federal Rule of Evidence 610 does not change the analysis. Rule 610 only precludes evidence of a witness's religion when such evidence is used to "attack or support the witness's credibility." Fed. R. Evid. 610. Courts have held that a witness's, or defendant's, religious beliefs are admissible for other purposes. For instance, in *United States v. Hoffman*, 806 F.2d 703 (7th Cir. 1986), the Seventh Circuit Court of Appeals held that, in a prosecution for threatening the life of the President, the trial court properly admitted evidence that the accused was a member of the Unification Church of the Reverend Sun Yung Moon since this evidence of religious affiliation established a motive to threaten the life of the President, who had refused to

issue a pardon to Reverend Moon. *Hoffman*, 806 F.2d at 709-10; *see also United States v. Beasley*, 72 F.3d 1518, 1527 (11th Cir. 1996) ("A person's beliefs, superstitions, or affiliation with a religious group is properly admissible where probative of an issue in a criminal prosecution.").

### IV.   MOTION *IN LIMINE* #4: OPINIONS ON GUILT OR INNOCENCE

Fourth, the government seeks to preclude "the defendant from stating through defense counsel, or eliciting through any witness, any opinion on [the] defendant's guilt or innocence." Government's Motions *In Limine*, Docket No. 112, at 5. The defense has no objection to this well-established principle; however, defense counsel wishes to make clear that they will, and indeed have an obligation, to argue that the evidence demonstrates Mr. Galloway is not guilty of the charged offenses. While defense counsel will not couch this argument as a personal opinion (i.e., "I believe Mr. Galloway is innocent"), defense counsel will zealously argue that Mr. Galloway is not guilty. Defense counsel reminds counsel for the government that they, as well as their witnesses, are also precluded from injecting personal beliefs into the presentation of evidence or argument.

### V.   MOTION *IN LIMINE* #5: WITNESSES' PRIOR CONVICTIONS

Fifth, the government asks that "disputes as to the admissibility of [witnesses' criminal] convictions be heard by the Court outside of the presence of the jury prior to the testimony of the affected witness." Government's Motions *In Limine*, Docket No. 112, at 6. The government has not provided the defense with any criminal history report for any witness and, thus, the defense is not aware of any Rule 609 issues that may arise. The defense requests that the government provide criminal history reports as soon as possible, so the defense can make any objections before the witness takes the stand.

/ / /

/ / /

/ / /

/ / /

/ / /

## VI.    MOTION *IN LIMINE* #6: NOTIFICATION OF DEFENSES

Sixth, the government requests notice of any defense of insanity, any expert testimony relating to any mental disease or defect or any other mental condition that may bear on Mr. Galloway's innocence or guilt, or any alibi defense. The defense will comply with Federal Rules of Criminal Procedure 12.1 and 12.2.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: February 5, 2018                    */s/ Erin M. Snider*
ERIN M. SNIDER
Assistant Federal Defender
Counsel for Defendant
MICHAEL GALLOWAY