McGREGOR W. SCOTT
United States Attorney
MEGAN A. S. RICHARDS
MICHAEL G. TIERNEY
Assistant United States Attorneys
2500 Tulare St., Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL GALLOWAY,<br><br>Defendant. | No. 1:14-CR-00114-DAD<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS<br><br>Date: March 5, 2018<br>Time: 2:00 p.m.<br>Court: Hon. Dale A. Drozd |

The United States of America hereby submits its opposition to defendant's Motions in Limine (Dkt. 113).

**I.     Background**

A grand jury charged defendant Michael Galloway with attempting to evade or defeat income tax for the tax years 2003 through 2005 (Dkt. 1). Specifically, the Indictment alleges that in each of the four tax years (each of which is a separate count), the defendant filed a tax return falsely reporting a taxable income of $0, when he knew that his taxable income for the calendar year was in excess of that amount. The Indictment also alleges that he attempted to conceal his income by making false statements to IRS officials. Id. at ¶12.

On April 10, 2017, defendant filed a set of consolidated motions in limine (Dkt. 82) (the "April 2017 MIL") in advance of the then-scheduled May 2017 trial date. It raised seven issues:

1) Admissibility of the defendant's solicitation and expenditure of charitable donations

1

(the "Donation Income" claim, id. at 3-7,);

    2) Admissibility of evidence regarding tax-exempt businesses operated by the defendant (the "Tax Exempt Business" issue, id. at 7-9);

    3) Admissibility of evidence from civil lawsuits involving the defendant (id. at 9-11);

    4) Admissibility of evidence of the defendant's alleged extramarital affairs (id. at 11);

    5) Admissibility of certain language from the defendant's 2010 statement to IRS officials (id. at 11-12);

    6) A request for attorney-conducted voir dire (id. at 12); and

    7) Admissibility of evidence not previously disclosed (id. at 12-13).

The April 2017 MIL also requested leave to raise other issues orally before the Court at a motions in limine hearing. Id. at 13.

The United States responded to the April 2017 MIL on April 25, 2017 (Dkt. 88) (the "April 2017 Response"). The April 2017 Response explained the factual background regarding the defendant's online business, including that websites controlled by the defendant solicited charitable donations, received large revenue spikes as a result, and used the resulting income to pay business expenses. Id. at 2-3. The April 2017 Response addressed each of the substantive arguments made in the April 2017 MIL. Dkt. 88 at 4-10 (explaining why income originating as disaster donations was part of proving the charged offenses); 10-11 (noting that all income of a for-profit entity, even if in the form of a transfer from a tax-exempt entity, is taxable and therefore relevant to the charged offenses); 11-16 (explaining that the defendant's broad request for prohibition of all evidence concerning civil lawsuits was premature and swept up relevant and admissible evidence); 16 (noting that certain evidence of extramarital affairs was potentially relevant where it explained expenditures made by the defendant); 16-17 (disclaiming the United States' intent to elicit certain language used by the defendant during his 2010 interview); 17 (requesting that any proposed attorney-conducted voir dire be submitted to the Court); 17-18 (seeking individual assessment of any material disclosed after the MIL).

On January 29, 2018, the defendant filed the present consolidated motions in limine. Dkt. 113 (the "January 2018 MIL"). The January 2018 MIL reaches the same seven substantive areas

as the April 2017 MIL, but recasts certain arguments.  In view of the overlap and to promote efficiency, the United States adopts and incorporates its original April 2017 Response.  The remainder of this present Response will modify certain arguments based on current developments in the case, including the defendant's new arguments contained in the January 2018 MIL.

## II. **The Defendant's Solicitation, Receipt, and Expenditure of Charitable Donations Remains Admissible Because it is Part of the Charged Offense.**

Defendant's new arguments in the January 2018 MIL demonstrate why the Donation Income Evidence is admissible, because they admit that Catholic Online received revenue following natural disasters.  As noted in the United States' April 2017 Response, the United States is required to prove 1) that the defendant owed more federal income tax for charged year than was declared due on his tax returns; 2) that the defendant knew more was owed than he declared; 3) that the defendant made an affirmative attempt to evade or defeat the additional tax; and 4) that the defendant acted willfully in attempting to evade the tax.  See Ninth Circuit Model Jury Instruction 9.37.  There are several ways to prove the defendant had a tax deficiency and knew of that tax deficiency, and they commonly depend on evidence that the defendant received income that was not reported on his tax return.  Dkt. 88 at 4-5 (describing specific-item method of proof); United States v. Boulware, 384 F.3d 794, 811 (9th Cir. 2004) (describing bank deposits method of proof as separating out income deposits from non-income deposits).  Accordingly, the United States is entitled—even required—to show which deposits in bank accounts constitute taxable income to the defendant.  The United States intends to offer precisely such evidence regarding the Donation Income: that money solicited by the defendant was received in accounts of his for-profit entity and ultimately spent, but not reported as income.  Dkt. 88 at 5-6.

The defendant argues that the evidence is unduly prejudicial under Rule 403, but in making this argument, the January 2018 MIL actually demonstrates why the evidence is admissible, since it concedes that Donation Income was received into the bank account of defendant's for-profit entity.  Defendant asserts that Catholic Online did accept revenue after Hurricane Katrina on behalf of at least one other organization, the Archdiocese of New Orleans.  Dkt. 113 at 4-5.  Whether that revenue constituted taxable income, during a year in which the

defendant declared $0 in total taxable income, is relevant and admissible. In this regard, defendant apparently concedes that at least part of the money was intended to be taxable income (2.99 percent of all transactions, plus $.39 of each transaction). Id. at 5. The United States is entitled to present evidence from its experts that this or other portions of the Donation Income represented taxable income, and that the defendant's solicitation and use of such funds establish his intent. And of course, defendant is entitled to counter with whatever relevant and admissible evidence he wishes to present that counters that inference, including from a representative of the Archdiocese of New Orleans. See Dkt. 113 at 5-6; Dkt. 88 at 8-9. As noted in the April 2017 Response, Federal Rule of Evidence 403 does not make such an evidentiary dispute a "trial within a trial," because proof of the defendant's taxable income for the years 2004-2005 is an issue of central importance to this trial. Dkt. 88 at 9. Accordingly, proof that the defendant solicited, received, and expended donations is admissible and the motion in limine should be denied.

### III. The Government is Entitled to Prove the Defendant's Income Even if Payments to Him Originated or Were Funneled Through Tax-Exempt Organizations

The January 2018 MIL does not raise new arguments regarding Catholic Online's receipt of payments from tax-exempt organizations controlled by the defendant. The United States therefore adopts and incorporates its arguments from the April 2017 Response that money received and spent by a for-profit entity (like Catholic Online) represents taxable income, no matter its source. Dkt. 88 at 10-11. Thus, such payments are relevant and admissible to show the defendant's income, and the defendant's request to preclude admission of these payments should be denied.

### IV. This Court Should Deny the Defendant's Motion to Exclude All Evidence Regarding Civil Lawsuits Concerning the Defendant.

This Court should deny the defendant's motion to exclude any reference to any civil lawsuit brought against the defendant; such a request is far too broad and sweeps in relevant and admissible evidence. In the April 2017 MIL, defendant requested that the Court bar any evidence regarding any civil lawsuit against the defendant, including labor claims and a 2007-2009

proceeding from the Kern County District Attorney's Office. Dkt. 82 at 9-11. The United States responded that the request was far too broad, and pointed out that several subjects raised in the defendant's deposition were relevant. Dkt. 88 at 11-14. In its January 2018 MIL, the defendant unduly narrows the United States' response, stating that United States "object[ed] to this request only insofar as it covers select portions of Mr. Galloway's deposition testimony." Dkt. 113 at 10. That is not the case. The United States merely used the defendant's deposition testimony as a relevant example of why such a sweeping exclusion order is unnecessary. The United States also provided a general outline of how it intends to ensure that it is not re-litigating a prior civil case. Dkt. 88 at 13. However, exploration of some issues discussed in prior lawsuits may be warranted based on the evidence offered at trial, at which time the United States is prepared to address objections regarding admissibility,

### V. The Court Should Deny the Defendant's Motion *in Limine* Regarding Alleged Extramarital Affairs.

The January 2018 MIL does not raise new arguments regarding evidence of the defendant's extramarital affairs. The United States therefore adopts and incorporates its arguments from the April 2017 Response that evidence regarding certain expenditures made by the defendant may implicate such affairs, not because the United States seeks to prove the defendant's behavior but because it will demonstrate that the expenses are personal in nature. Dkt. 88 at 16. The Court should deny the defendant's motion in limine on this ground.

### VI. The Government Does Not Oppose the Defendant's Limited Motion *in Limine* Regarding the Defendant's Prior Statements.

The United States adopts and incorporates its statements regarding language used by the defendant in his 2010 IRS interview. Dkt. 88 at 16-17. The United States does not intend to elicit such testimony

### VII. The Government Does Not Oppose the Court Allowing Attorney-Conducted Voir Dire, But Proposes that the Parties Submit Voir Dire Questions to Each Other Ahead of Trial So the Parties Can Object to Any Objectionable Items.

The United States adopts and incorporates its arguments that attorney-conducted voir dire

be allowed, but that the questions be submitted to the Court and opposing counsel beforehand. Dkt. 88 at 17.

## VIII. The Defendant's Request for Exclusion of Any Evidence Not Yet Disclosed is Premature.

The United States adopts and incorporates its arguments that materials provided to the defendant after today's date, but prior to trial, be assessed individually under Rule 16, which obligates both parties to make continuing discovery. Dkt. 88 at 17-18. In particular, United States notes that its experts are continuing to review the evidence in this case to provide accurate income figures following the miscalculations identified in April 2017. Dkt. 100, 110. Accordingly, should the defendant object to specific items discovered by the Government past the date of the motion in limine or noticed under Rule 404(b), the Court should individually consider each challenged piece of evidence, instead of automatically excluding it.

The defendant also addresses the defendant's statements within its motion and "requests that this Court preclude the government from presenting any alleged statement by Mr. Galloway that was *not* included in the already provided summary." The United States notes that it has provided multiple items of discovery containing statements from the defendant, including the Indictment, memoranda of interview, and handwritten notes from the agents who attended the defendant's interview. The United States believes it has provided every statement made by the defendant in discovery. If it becomes aware of any further statements during trial preparation, it will promptly notify the defense.

DATED:     February 12, 2018     Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

/s/ Megan A.S. Richards
Megan A.S. Richards
Michael G. Tierney
Assistant United States Attorneys

6