McGREGOR W. SCOTT
United States Attorney
MEGAN A. S. RICHARDS
MICHAEL G. TIERNEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>MICHAEL GALLOWAY,<br><br>                Defendants. | CASE NO. 1:14-CR-00114-DAD-BAM<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS MULTIPLICITOUS COUNTS<br><br>DATE: March 5, 2018<br>TIME: 2:00 a.m.<br>COURT: Hon. Dale A. Drozd |

       The United States, by and through its attorneys, McGregor W. Scott, United States Attorney for the Eastern District of California, and Megan A. S. Richards and Michael G. Tierney, Assistant United States Attorneys, hereby responds to defendant Michael Galloway's motion to dismiss counts based on multiplicity. The Court should not dismiss any of the four counts contained in the indictment, because they are not multiplicitous, each count having charged evasion of a distinct tax year.

### I.    ARGUMENT

**A.    The Charges Against Defendant Galloway Are Not Multiplicitous.**

       In 26 U.S.C. § 7201, Congress proscribes "willfully attempt[ing] in any manner to evade or defeat any tax imposed." The indictment in this case charges the defendant with four counts of attempting to evade or defeat income tax for the tax years 2003 through 2006 by filing a false tax return and then further attempting to conceal his income by making false statements to IRS Special Agents and a Tax Compliance Officer. Indictment at ¶ 12. Counts 1 through 3 would be outside the statute of

limitations, if not for the allegations that the defendant gave false statements. *See* Dkt. No. 35, Order Denying Defendant's Motion to Dismiss.

Defendant argues that the indictment is multiplicitous because each of the counts allege that his statements to agents on February 23, 2010 were an evasive act in furtherance of his evasion of taxes. Dkt. 111, Motion to Dismiss Multiplicitous Counts (hereinafter "MTD") at 1. "An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005). Two counts "are not multiplicitous if each separately violated statutory provision requires proof of an additional fact which the other does not." *Id.*

In Galloway's case, each separately violated provision of § 7201 requires the government to prove a tax due and owing for a specific calendar year. *See* Ninth Circuit Model Criminal Jury Instruction 9.37 (setting forth the elements of 26 U.S.C. § 7201, which include that "the defendant owed more federal income tax for the calendar year [specify year] than was declared due on the defendant's income tax return for that calendar year"). Complying with this requirement, each count of the indictment clearly charges the defendant with attempting to evade a different tax liability. Count 1 charges the defendant with evasion of the "taxes due and owing by him to the United States of America for the 2003 tax year." Indictment at 4. Likewise, counts 2 through 4 each charge the defendant with evasion of taxes in 2004 through 2006, respectively. Indictment at 5-6.

Because the counts allege evasion of different tax years, the government may rely on the same statements as evasive acts for each of the tax years without running afoul of the defendant's double jeopardy right. No controlling case compels this court to find the charges against the defendant to be multiplicitous. Contrary to the defendant's assertions, the multiplicity analysis in this case is not "identical" to the Ninth Circuit's analysis of Section 1001 false statements charges in *United States v. Stewart*. MTD at 3. In *Stewart*, the Court held that two charges of Section 1001, each relating to an instance where the defendant lied to the same federal officer, in the same way, to cover the same crime, were multiplicitous. 420 F.3d 1007, 1013-1014 (9th Cir. 2005). The Court stated that "under section 1001(a)(2), 'where identical false statements, in either oral or written form, are made in response to identical questions, the declarant may be convicted only once.'" *Id.* (citing *United States v. Olsowy*, 836

RESPONSE TO MOTION TO DISMISS MULTIPLICITOUS COUNTS

2

F.2d 439, 443 (9th Cir. 1987)). The Court gave two reasons for its conclusion that two statements in a single interview may lead to only a single 1001 conviction. First, repetition of the statement does not impair the operations of the government beyond the initial violation, and second, a contrary rule would allow the government to pile on convictions by asking the defendant the same question and repeatedly receiving the same answer, causing no additional harm. *Id.* at 1013. In contrast to the two counts alleged in *Stewart*, counts 1 through 4 allege four distinct and separate harms – evasion of four separate years of taxes.

The indictment against Galloway utilizes the typical unit of prosecution in tax evasion cases. *United States v. Root*, a Third Circuit case cited by the defendant, held that it is sometimes permissible to charge evasion of multiple years of taxes in one charge where "the underlying basis of the indictment is an allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years." 585 F.3d 145, 151 (3d Cir. 2009)(quoting *United States v. Pollen*, 978 F.2d 78, 84 (3d Cir. 1992)). Yet even in *Root*, the Third Circuit acknowledged that "it is logical . . . to charge attempts to evade the assessment of taxes for distinct years in separate counts." *Id.* at 151. As *Root* acknowledged, the logical and commonsense method of charging tax offenses is to rely on tax years, and to make each tax year a separate count. Charging tax evasion this way requires proof of tax deficiencies for each year charged. *See also United States v. Perry*, 714 F.3d 570, 573-74 (8th Cir. 2013) (affirming case where indictment alleged that statements in interview were affirmative acts of evasion, along with out-of-statute tax return, for multiple counts of tax evasion).

Thus, though the evasive acts are similar in nature, the charges are not multiplicitous because they will rely on separate proof for each tax year. This is precisely the analysis that a district court within this Circuit used to deny a similar motion. *United States v. Kahre*, No. 2:05CR121DAE(RJJ), 2009 WL 1067292, at *4 (D. Nev. Apr. 20, 2009) (continued evasive act of not informing the IRS did not make the indictment multiplicitous because government was still required to prove tax liability and affirmative acts for each year). Indeed, even when a single evasive act evades two types of taxes for the same year, charging each evaded tax is not multiplicitous. Other courts have also found that it does not violate double jeopardy for multiple counts to share the same false statements. In *United States v. Israelski*, 597 F.2d 22 (2d Cir. 1979), the government charged defendant with using a set of faked

RESPONSE TO MOTION TO DISMISS
MULTIPLICITOUS COUNTS

3

invoices to evade both personal and corporate taxes for several years. *Id*. at 24. The Second Circuit noted that the defendant's acts "evaded two separate taxes" because they hid both personal and corporate income, and thus rejected a challenge based on multiplicity. *Id.* at 24-5. *See also United States v. Heine*, No. 3:15-cr-238-SI, 2017 WL 4423408, at 23 (D. Or. Oct. 5, 2017) (finding that it was not multiplicitous to charge the defendant with separate counts of false bank entries based on one report that omitted several transactions because "[e]ach count requires proof of a specific transaction, proof that the transaction should have been included in the [report], and proof that it was not included"); *United States v. McBride*, No. 1:13-cr-27 TS, 2014 WL 4698632, at *1 (D. Utah Sept. 19, 2014) (holding that the government could rely on a single affirmative act to support multiple tax evasion charges).

For the above reasons, this Court should find that the charges against the defendant are not multiplicitous. If the Court finds that the charges are multiplicitous, the United States agrees with the defendant that the appropriate procedure is for the Court to enter judgment on only one of the multiplicitous counts as set forth in *Ball v. United States*, 470 U.S. 856, 864-65 (1985).

**B.**     **The Court Should Deny the Defendant's Request for a Bill of Particulars.**

A "bill of particulars" is designed to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). A bill of particulars may be necessary whether the indictment, and the other disclosures made to the defendant in discovery do not adequately meet these three objectives. However, an indictment that provides sufficient details of the alleged offense to accomplish the above three purposes makes a bill of particulars unnecessary. 8 Moore's Federal Practice 607.07. "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (holding that district court did not abuse its discretion in denying a bill of particulars because the defendant had sufficient information provided in discovery). The Ninth Circuit has made clear that"[f]ull discovery will obviate the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), *cert. denied*, 444 U.S. 979 (1979) (holding that no bill of

particulars was necessary where defendant had a large volume of discovery). Thus, where the indictment and other discovery in the case adequately informs the defendant such that he can prepare his defense at trial and avoid surprise, the district court should not grant the defendant's motion for a bill of particulars.

As in *Giese*, the Indictment and discovery in defendant Galloway's case adequately inform him of the charges against him. In *Giese*, the Court held that the defendant was not entitled to a bill of particulars because "the government provided [him] with a large volume of information, including physical evidence offered at trial, grand jury testimony, and memoranda which revealed the government's theory of the case." 597 F.2d at 1180. Similarly here, the indictment specifically alleges the ways that the defendant attempted to evade taxation by stating the specific ways that the defendant falsely reported income on his tax returns. It also states the specific false statements that the defendant is alleged to have made to IRS officials. At paragraph 12, the indictment alleges that the defendant stated that he lived on only a "couple hundred bucks a week", that he makes his mortgage payments from cash that he has saved over 40 years, that he paid for his cars in cash, that he gave his CPA his bank statements to complete his returns, and that all of the money from his merchant account went into the Catholic Online bank account. Furthermore, the defendant has received extensive discovery from the interview in the form of memoranda of interview and the attending agents' handwritten notes setting forth additional statements. Because the defendant has been apprised of the basis of the counts against him, and each count clearly alleges evasion of a different tax year, the Court should deny the defendant's motion for a bill of particulars.

## II.   CONCLUSION

For the reasons set forth above, the Court should deny both the defendant's motion to dismiss and his motion for a bill of particulars.

Dated:  February 12, 2018

McGREGOR W. SCOTT
United States Attorney

By:  /s/ MEGAN A. S. RICHARDS
MEGAN A. S. RICHARDS
MICHAEL G. TIERNEY
Assistant United States Attorney