HEATHER E. WILLIAMS, #122664
Federal Defender

DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

ERIN SNIDER, #304781
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721
Telephone: (559) 487-5561

Attorneys for Defendant
MICHAEL GALLOWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:14-cr-00114-DAD-BAM |
| Plaintiff, | DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTIONS *IN LIMINE* |
| vs. | |
| MICHAEL GALLOWAY, | Date: March 5, 2018<br>Time: 2:00 p.m.<br>Judge: Hon. Dale A. Drozd |
| Defendant. | |

Michael Galloway hereby files his reply to the government's opposition to his motions *in limine*.

**I.   Evidence of Alleged Donation Fraud Is Inadmissible Under Rule 403.**

In its opposition brief, the government argues that it is required to present evidence of alleged donation fraud in order to prove that Mr. Galloway committed the crime charged in the Indictment, that is, tax evasion. The government argues that this highly prejudicial and speculative evidence establishes two elements of tax evasion: (1) Mr. Galloway underreported his income on his tax returns for the 2004 and 2005 tax years and, thus, he owed more taxes than he declared on those returns; and (2) Mr. Galloway acted willfully in attempting to evade taxes

for the 2004 and 2005 tax years. The government is incorrect.

First, evidence of alleged donation fraud is not necessary to establish that Mr. Galloway underreported his income for the 2004 and 2005 tax years—a fact that will be undisputed at trial. The government's theory is that Catholic Online solicited donations for the victims of the 2004 Indian Ocean tsunami and Hurricane Katrina, those donations were deposited into Catholic Online's merchant account, and, rather than forward those donations to the intended recipients, Mr. Galloway used the money to pay business and personal expenses. The government has no direct evidence to support this theory. Instead, it intends to argue that there were large increases in deposits into the merchant account immediately following these natural disasters and the government apparently intends to invite the jury to speculate that Mr. Galloway must have been pocketing donations. As outlined in Mr. Galloway's moving brief, he vehemently denies the allegation that he stole money intended for victims of natural disasters. He did use the merchant account to process donated money and he did charge for that service, as evidenced by Jeffrey Entwisle's deposition testimony attached as Exhibit A to Mr. Galloway's motions *in limine*. Thus, the fact there were large increases in the amounts of deposited money following the 2004 Indian Ocean tsunami and Hurricane Katrina is unsurprising. More to the point, however, Mr. Galloway does not intend to contest that the money deposited into the merchant account—money later transferred into his business account and spent on business and personal expenses—was taxable. Thus, the government does not need to confuse and mislead the jury with evidence of alleged donation fraud in order to prove that Mr. Galloway underreported his income.

Second, evidence of alleged donation fraud does not help the government prove that Mr. Galloway willfully evaded taxes for the 2004 and 2005 tax years. The government vaguely argues that proof of the donation fraud will show that Mr. Galloway "likely knew that he was receiving this income, since he solicited it" and, "[c]ombined with evidence that he and his business spent the money, it establishes that he knowingly underreported his true income." Government's Opp. Br., Docket No. 88, at 7. However, the issue at trial will not be whether Mr. Galloway knew he received the income; rather, the issue will be whether Mr. Galloway knew that his bookkeepers did not record all income into QuickBooks and whether he knew that his

Galloway / Reply                     -2-

Certified Public Accountant relied on only QuickBooks profit and loss statements when preparing Mr. Galloway's tax returns.

Thus, evidence of alleged donation fraud is not necessary or relevant for the purposes identified in the government's opposition brief. Moreover, such evidence will be unduly prejudicial, confuse the issues for the jury, and waste a considerable amount of time at trial. Mr. Galloway will need to call various witnesses to testify regarding how Catholic Financial Services operated, the checks and balances to ensure donees received money, and the sophistication required to misappropriate donated funds. Mr. Galloway anticipates that this portion of his defense—which would only go to the uncharged donation fraud—would take at least one full day to present, as Mr. Galloway believes he would call at least four or five witnesses and possibly more. Accordingly, this Court should reject the government's attempt to transform this tax evasion case into a trial on an unindicted offense and enter an order prohibiting the government from presenting evidence or offering argument that Mr. Galloway allegedly pocketed donated funds.

**II.   Evidence Regarding Mr. Galloway's Alleged Misuse of Tax-Exempt Organizations Is Irrelevant and Inadmissible Under Rule 403.**

In its opposition brief, the government argues that it is entitled to prove that Catholic Online received large payments from charitable entities, such as Your Catholic Voice Foundation, and that such payments constitute income. Mr. Galloway does not object. Indeed, as the government notes in its opposition brief, the payments from Your Catholic Voice Foundation were properly recorded into QuickBooks as income. Mr. Galloway, however, objects to the government introducing bank statements for Your Catholic Voice Foundation or any other tax-exempt entity or referencing the tax returns or tax-exempt applications for Your Catholic Voice Foundation or any other tax-exempt entity. The government charged Mr. Galloway with evading *personal* income taxes. Inaccuracies in the accounting or tax returns for other entities, such as Your Catholic Voice Foundation, do not affect Mr. Galloway's personal income tax liability.

///

**III.     Evidence Regarding Civil Lawsuits Brought By or Against Mr. Galloway Is Irrelevant and Inadmissible.**

The government asks this Court to deny Mr. Galloway's request to exclude evidence regarding civil lawsuits. The government argues that Mr. Galloway's "request is far too broad and sweeps in relevant and admissible evidence." Government's Opp. Br., docket No. 116, at 4. Nevertheless, the government identifies no specific evidence it intends to introduce. Mr. Galloway therefore requests that this Court grant his motion and, if the government later identifies specific evidence that it believes falls within the Court's order granting this motion, the government may request that the Court reconsider its order.

**CONCLUSION**

Mr. Galloway respectfully requests that the Court grant his motions *in limine* and allow the defense to raise any additional issues at the March 5, 2018 hearing that prove necessary and appropriate.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: February 20, 2018

*/s/ Erin M. Snider*
ERIN M. SNIDER
Assistant Federal Defender
Counsel for Defendant
MICHAEL GALLOWAY