HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
MICHAEL GALLOWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:14-CR-00114-DAD |
|---|---|
| Plaintiff, | MOTION TO DISMISS MULTIPLICITOUS COUNTS |
| vs. | MOTION FOR A BILL OF PARTICULARS (Sixth Amendment/Fed. R. Crim. P. 7) |
| MICHAEL GALLOWAY Defendant. | Date: March 5, 2018<br>Time: 10:00 a.m.<br>Judge: Hon. Dale A. Drozd |

Defendant, MICHAEL GALLOWAY, by Heather E. Williams, Federal Defender, by Douglas Beevers, Assistant Federal Defender, hereby submits his Reply in support of his motions to dismiss for multiplicity and motion for bill of particulars.

The United States contends that its indictment is not multiplicitous because the same statement could have been intended to hide several years of income.  The Government contends that a single statement or word could be charged as dozens of counts.  According to the Government, if an I.R.S. agents asks someone if they cheat on their taxes, a single "No" answer could subject the taxpayer to ten or more counts of tax evasion.  The Government incorrectly contends this position is supported by *United States v. Israelski,* 597 F.2d 22 (2d Cir. 1979).  In *Israelski*, the Second Circuit held that the two counts were not multiplicitous, because there were

Motion to Dismiss Multiplicitous Counts                 1

two acts which although related had different tax consequences.  One act was to submit false invoices which exaggerated corporate deductions and the second was the failure to pay tax on the kickbacks.  *Id*.  *Israelski* is distinguishable because the defendant in that case filed two returns for each year which contained different false facts.  Mr. Galloway contends that he is being charged with multiple counts for vague statements which do not clearly identify any tax year.

The Government cites district court cases which involve pretrial multiplicity motions which do not really clarify what Congress intended to be the unit of prosecution.

The Government contends that no bill of particulars is needed, because the indictment and discovery are sufficiently clear to protect against double jeopardy.  If this indictment charged a single count – or even two counts – no bill of particulars would be needed.  However, this indictment alleges that Mr. Galloway made several vague statements with the intent to defeat tax liability for three years.  The Government alleges in Count I that Mr. Galloway "on or about February 23, 2010, making false statements to IRS Special Agent . . ."  In Count II, the Government alleges the identical words violate Count II.  Although paragraph 12 of the indictment gives notice of specific false statements, the indictment does not give notice whether his statement that he paid for his cars in cash was intended to conceal Count I or Count II or both. Mr. Galloway contends that if this Court denies the motion to dismiss for duplicity, this Court should order a bill of particulars to make certain that the Defense has notice of which statements the Government is seeking to use to convict for each tax year charge.

Dated: February 20, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　HEATHER E. WILLIAMS
　　　　　　　　　　　　　　　　　　　　　Federal Defender

　　　　　　　　　　　　　　　　　　　　　*/s/ Douglas Beevers*
　　　　　　　　　　　　　　　　　　　　　DOUGLAS BEEVERS
　　　　　　　　　　　　　　　　　　　　　Assistant Federal Defender
　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant

Motion to Dismiss Multiplicitous Counts　　　　　2

*/s/ Erin Snider*
ERIN SNIDER
Assistant Federal Defender
Attorney for Defendant