HEATHER E. WILLIAMS, #122664
Federal Defender

DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

ERIN SNIDER, #304781
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721
Telephone: (559) 487-5561

Attorneys for Defendant
MICHAEL GALLOWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00114-DAD |
| Plaintiff, | DEFENDANT MICHAEL GALLOWAY'S PROPOSED JURY INSTRUCTIONS |
| v. | |
| MICHAEL GALLOWAY, | Date: March 13, 2018 |
| | Time: 8:30 a.m. |
| Defendant. | Judge: Hon. Dale A. Drozd |

Pursuant to Local Rule 163 and the Pretrial Order, Defendant Michael Galloway

respectfully lodges and requests that the Court include in its charge to the jury the following jury

instructions found in the Ninth Circuit Model Jury Instructions (2010 Edition).

1.    Ninth Circuit - § 1.1 - Duty of Jury

2.    Ninth Circuit - § 1.2 - The Charge—Presumption of Innocence

3.    Ninth Circuit - § 1.3 - What Is Evidence

4.    Ninth Circuit - § 1.4 - What Is Not Evidence

5.    Ninth Circuit - § 1.5 - Direct and Circumstantial Evidence

6.  Ninth Circuit - § 1.6 - Ruling on Objections

7.  Ninth Circuit - § 1.7 - Credibility of Witnesses

8.  Ninth Circuit - § 1.8 - Conduct of the Jury

9.  Ninth Circuit - § 1.9 - No Transcript Available to Jury

10. Ninth Circuit - § 1.10 - Taking Notes

11. Ninth Circuit - § 1.11 - Outline of Trial

12. Ninth Circuit - § 2.1 - Cautionary Instruction—First Recess

13. Ninth Circuit - § 2.2 - Bench Conferences and Recesses

14. Ninth Circuit - § 3.1 - Duties of Jury to Find Facts and Follow Law

15. Ninth Circuit - § 3.2 - Charge Against Defendant Not Evidence—Presumption of
    Innocence—Burden of Proof

16. Ninth Circuit - § 3.3 - Defendant's Decision Not to Testify

17. Ninth Circuit - § 3.4 - Defendant's Decision to Testify

18. Ninth Circuit - § 3.5 - Reasonable Doubt—Defined

19. Ninth Circuit - § 3.6 - What Is Evidence

20. Ninth Circuit - § 3.7 - What Is Not Evidence

21. Ninth Circuit - § 3.8 - Direct and Circumstantial Evidence

22. Ninth Circuit - § 3.9 - Credibility of Witnesses

23. Ninth Circuit - § 3.10 - Activities Not Charged

24. Ninth Circuit - § 3.11 - Separate Consideration of Multiple Counts—Single Defendant

25. Ninth Circuit - § 4.1 - Statements by Defendant

26. Ninth Circuit - § 4.8 - Impeachment Evidence—Witness

27. Ninth Circuit - § 7.1 - Duty to Deliberate

28. Ninth Circuit - § 7.2 - Consideration of Evidence—Conduct of the Jury

29. Ninth Circuit - § 7.3 - Use of Notes

30. Ninth Circuit - § 7.5 - Verdict Form

31. Ninth Circuit - § 7.6 - Communication With Court

1       Mr. Galloway respectfully lodges and requests that the Court include in its charge to the

2  jury the following additional jury instructions:

3  1.     Attempt to Evade or Defeat Income Tax

4  2.     Willfully—Defined

5  3.     Good Faith Reliance

6                         **ADDITIONAL INSTRUCTIONS DURING TRIAL**

7       Leave is respectfully requested to include such other and additional instructions as may

8  become appropriate during the course of the trial.

9

10                                         Respectfully submitted,

11                                          HEATHER E. WILLIAMS
   Federal Defender

12

13  DATED:  March 7, 2018                 */s/  Erin Snider*
   ERIN SNIDER

14                                          Assistant Federal Defender
   Attorney for Defendant

15                                          MICHAEL GALLOWAY

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 1

### 1.1 DUTY OF JURY

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

Authority:  Ninth Circuit Model Jury Instruction 1.1

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 2

### 1.2  THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendant with **four counts of attempt to evade and defeat payment of a tax**.  The charge**s** against the defendant **are** contained in the indictment.  The indictment simply describes the charge**s** the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge**s** and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

[In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] which the government must prove to make its case: [supply brief statement of elements of crime[s]].]

Authority: Ninth Circuit Model Jury Instruction 1.2

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 3

2

3

### 1.3 WHAT IS EVIDENCE

4

The evidence you are to consider in deciding what the facts are consists of:

5

(1)    the sworn testimony of any witness; [and]

6

(2)    the exhibits which are received in evidence[.] [; and]

7

[(3)    any facts to which the parties agree.]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Authority: Ninth Circuit Model Jury Instruction 1.3

24

25

GIVEN _____

26

GIVEN AS MODIFIED _____

27

REFUSED _____

28

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 4

### 1.4  WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Authority: Ninth Circuit Model Jury Instruction 1.4

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1
2

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 5

3

## 1.5  DIRECT AND CIRCUMSTANTIAL EVIDENCE

4

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

5

as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

6

evidence is indirect evidence, that is, it is proof of one or more facts from which one can find

7

another fact.

8

You are to consider both direct and circumstantial evidence.  Either can be used to prove

9

any fact.  The law makes no distinction between the weight to be given to either direct or

10

circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

Authority: Ninth Circuit Model Jury Instruction 1.5

24

25

GIVEN _____

26

GIVEN AS MODIFIED _____

27

REFUSED _____

28

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 6

### 1.6  RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: Ninth Circuit Model Jury Instruction 1.6

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 7

## 1.7  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Authority: Ninth Circuit Model Jury Instruction 1.7

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 8

## 1.8  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do

not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Ninth Circuit Model Jury Instruction 1.8

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 9

### 1.9  NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Authority: Ninth Circuit Model Jury Instruction 1.9

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1
2

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 10

3

### 1.10  TAKING NOTES

4
5
6
7
8

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

9
10
11

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

12
13
14
15
16
17
18
19
20
21
22

23

Authority: Ninth Circuit Model Jury Instruction 1.10

24

25

GIVEN _____

26

GIVEN AS MODIFIED _____

27

REFUSED _____

28

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 11

### 1.11  OUTLINE OF TRIAL

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Authority: Ninth Circuit Model Jury Instruction 1.11

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 12

## 2.1 CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.

Authority: Ninth Circuit Model Jury Instruction 2.1

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 13

### 2.2  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Authority: Ninth Circuit Model Jury Instruction 2.2

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

### 3.1  DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Authority: Ninth Circuit Model Jury Instruction 3.1

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 15

## 3.2  CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF

## INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charge**s**.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge**s** beyond a reasonable doubt.

Authority: Ninth Circuit Model Jury Instruction 3.2

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 16

### 3.3  DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

Authority: Ninth Circuit Model Jury Instruction 3.3

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1  DEFENDANT MICHAEL GALLOWAY'S PROPOSED
2  JURY INSTRUCTION NO. 17

3  **3.4  DEFENDANT'S DECISION TO TESTIFY**

4      The defendant has testified.  You should treat this testimony just as you would the

5  testimony of any other witness.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  Authority: Ninth Circuit Model Jury Instruction 3.4

24

25  GIVEN _____

26  GIVEN AS MODIFIED _____

27  REFUSED _____

28  WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 18

### 3.5 REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Authority: Ninth Circuit Model Jury Instruction 3.5

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 19

### 3.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; [and]

(2)     the exhibits received in evidence[.] [; and]

[(3)     any facts to which the parties have agreed.]

Authority: Ninth Circuit Model Jury Instruction 3.6

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

### 3.7  WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.　Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.　Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.　Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority: Ninth Circuit Model Jury Instruction 3.7

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 21

### 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority: Ninth Circuit Model Jury Instruction 3.8

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 22

### 3.9  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Ninth Circuit Model Jury Instruction 3.9

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1 DEFENDANT MICHAEL GALLOWAY'S PROPOSED
2 JURY INSTRUCTION NO. 23

3 **3.10 ACTIVITIES NOT CHARGED**

4 You are here only to determine whether the defendant is guilty or not guilty of the

5 charge**s** in the indictment.  The defendant is not on trial for any conduct or offense not charged in

6 the indictment.

23 Authority: Ninth Circuit Model Jury Instruction 3.10

25 GIVEN _____

26 GIVEN AS MODIFIED _____

27 REFUSED _____

28 WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 24

## 3.11  SEPARATE CONSIDERATION OF MULTIPLE COUNTS—

## SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Authority: Ninth Circuit Model Jury Instruction 3.11

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1 DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 25
2

3 **4.1  STATEMENTS BY DEFENDANT**

4    You have heard testimony that the defendant made a statement.  It is for you to decide (1)

5 whether the defendant made the statement, and (2) if so, how much weight to give to it.  In

6 making those decisions, you should consider all the evidence about the statement, including the

7 circumstances under which the defendant may have made it.

23 Authority: Ninth Circuit Model Jury Instruction 4.1

25 GIVEN _____

26 GIVEN AS MODIFIED _____

27 REFUSED _____

28 WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 26

### 4.8  IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Authority: Ninth Circuit Model Jury Instruction 4.8

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 27

### 7.1 DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: Ninth Circuit Model Jury Instruction 7.1

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

### 7.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Ninth Circuit Model Jury Instruction 7.2

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
JURY INSTRUCTION NO. 29

## 7.3  USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Authority: Ninth Circuit Model Jury Instruction 7.3


GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1  DEFENDANT MICHAEL GALLOWAY'S PROPOSED
2  JURY INSTRUCTION NO. 30

## 7.5  VERDICT FORM

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Authority: Ninth Circuit Model Jury Instruction 7.5

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1    DEFENDANT MICHAEL GALLOWAY'S PROPOSED
2    JURY INSTRUCTION NO. 31

3    **7.6  COMMUNICATION WITH COURT**

4        If it becomes necessary during your deliberations to communicate with me, you may send

5    a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury

6    should ever attempt to communicate with me except by a signed writing, and I will respond to

7    the jury concerning the case only in writing or here in open court.  If you send out a question, I

8    will consult with the lawyers before answering it, which may take some time.  You may continue

9    your deliberations while waiting for the answer to any question.  Remember that you are not to

10   tell anyone—including me—how the jury stands, numerically or otherwise, on any question

11   submitted to you, including the question of the guilt of the defendant, until after you have

12   reached a unanimous verdict or have been discharged.

23   Authority: Ninth Circuit Model Jury Instruction 7.6

25   GIVEN _____

26   GIVEN AS MODIFIED _____

27   REFUSED _____

28   WITHDRAWN _____

-36-

1  DEFENDANT MICHAEL GALLOWAY'S PROPOSED
2  SPECIAL JURY INSTRUCTION NO. 1

3  **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

4  **ATTEMPT TO EVADE OR DEFEAT INCOME TAX**

5  The defendant is charged in **<u>Counts 1 through 4</u>** of the indictment with **<u>attempt to</u>**

6  **<u>evade or defeat income tax</u>** in violation of Section 7201 of Title 26 of the United States Code.

7  In order for the defendant to be found guilty of that charge, the government must prove each of

8  the following elements beyond a reasonable doubt:

9  First, the defendant owed more federal income tax for the calendar year than was

10  declared due on the defendant's income tax return for that calendar year;

11  Second, the defendant knew that more federal income tax was owed than was declared

12  due on the defendant's income tax return;

13  Third, the defendant made an affirmative attempt to evade or defeat such additional tax;

14  and

15  Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

22  Authority: Ninth Circuit Model Jury Instruction 9.37 (modifications in bold); Jury Instructions,

23  *United States v. Thomas*, Case No. 3:06-cr-30031-RGJ-KLH, at 20 (W.D. La. Nov. 15, 2007)

25  GIVEN _____

26  GIVEN AS MODIFIED _____

27  REFUSED _____

28  WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
SPECIAL JURY INSTRUCTION NO. 2

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

## METHOD OF DETERMINING TAX LIABILITY

To establish the first element of the offense charged in Count 4, relating to the 2006 tax year, the government relies upon the "expenditures method" of proving unreported income. Under this method of proof, if a taxpayer's expenditures for a particular taxable year plus any increase in net worth are more than the total of the taxpayer's reported income plus nontaxable receipts and available cash at the beginning of the year, then the taxpayer has understated his income.

The "expenditures method" requires the government to prove the defendant's net worth at the beginning and at the end of that year. The government must also prove that the defendant did not have nontaxable sources of money that would account for either the increase in net worth or the expenditures during the particular taxable year.

If you find the government established unreported income using the "expenditures method," you must go on to consider whether the government beyond a reasonable doubt the remaining elements of the offense.

Authority: Eleventh Circuit Pattern Jury Instruction O107.4 (modified); *Holland v. United States*, 348 U.S. 121 (1954)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

-38-

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

### WILLFULLY—DEFINED

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on **him**, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if **his** understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that **he** was complying with the law.

**Negligence, carelessness, or mistake of a defendant in the handling of his accounts or in providing information to be used in the preparing of an income tax return does not constitute willfulness.**

Authority: Ninth Circuit Model Jury Instruction 9.42; *Elwert v. United States*, 231 F.2d 928, 937 (9th Cir. 1956)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

1  DEFENDANT MICHAEL GALLOWAY'S PROPOSED
2  SPECIAL JURY INSTRUCTION NO. 4

3  **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4**

4  **STATUTE OF LIMITATIONS**

The government must prove beyond a reasonable doubt that an affirmative act of evasion occurred within the statute of limitations. The statute of limitations is six years. The date of the indictment in this case is May 29, 2014. For Counts 1 through 3—relating to the 2003, 2004, and 2005 tax years—the indictment was not filed within six years of the date the tax returns were filed. Therefore, for each of those counts, you cannot find the defendant guilty unless you unanimously and beyond a reasonable doubt find that on or about February 23, 2010, the defendant made at least one of the following statements and the defendant intended such statement to enable him to evade payment of taxes for the tax year at issue in the count under consideration:

(1)    He lived on only a couple hundred bucks a week;

(2)    He makes his mortgage payments from cash that he has saved over 40 years;

(3)    He paid for his cars in cash;

(4)    He gave his CPA his bank statements to complete his returns; or

(5)    All of the money from his merchant account went into the Catholic Online account

Authority: Jury Instructions, *United States v. Thomas*, Case No. 3:06-cr-30031-RGJ-KLH, at 20 (W.D. La. Nov. 15, 2007)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

-40-

1 DEFENDANT MICHAEL GALLOWAY'S PROPOSED
2 SPECIAL JURY INSTRUCTION NO. 5

3 **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5**

4 **GOOD FAITH RELIANCE**

Evidence that the defendant in good faith followed the advice of a tax professional would be inconsistent with willfulness. The government has not proven willfulness if the defendant made full disclosure of all relevant information to a tax professional and relied in good faith on the advice of that tax professional.

Authority: Ninth Circuit Model Jury Instruction 5.9; *United States v. Bishop*, 291 F.3d 1100, 1107 (9th Cir. 2002)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

DEFENDANT MICHAEL GALLOWAY'S PROPOSED
SPECIAL JURY INSTRUCTION NO. 6

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

## COMMUNITY PROPERTY

Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property. A transmutation of community property into separate property is not valid unless in writing by express written declaration.

Authority: California Family Code Section 760; California Family Code Section 852.

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____