MCGREGOR W. SCOTT
United States Attorney
MEGAN A. S. RICHARDS
MICHAEL G. TIERNEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-00114-DAD-BAM |
| Plaintiff, | UNITED STATES' TRIAL BRIEF |
| v. | DATE: March 13, 2018 |
| MICHAEL GALLOWAY, | TIME: 8:30 a.m.<br>COURT: Hon. Dale A. Drozd |
| Defendants. | |

I. **Status of the Case**

  A. Trial is scheduled to begin on March 13, 2018, before the Honorable Dale A. Drozd, United States District Judge.

  B. The Indictment charges the defendant with four counts of Attempt to Evade or Defeat the Assessment of a Tax, in violation of Title 26, United States Code, Section 7201.

  C. The defendant is not in custody.

  D. The estimated duration of the government's case-in-chief is approximately four days.

  E. To date, the parties have not entered into any stipulations.

II. **Factual Background**

Defendant Michael Galloway is charged by Indictment with four counts of attempting to defeat assessment of a tax in violation of 26 U.S.C. § 7201. The counts correspond to the 2003, 2004, 2005,

and 2006 tax years. Specifically, the United States will prove at trial that during these tax years, the defendant willfully underreported his taxable income.

Method of Proof

In order to prove the defendant's underreporting, the United States will rely on two separate methods of proof for the tax years. For the 2003, 2004, and 2005 tax years, the United States intends to show that the defendant underreported income by using the bank deposits method. For the 2006 tax year, the United States will prove the defendant's underreporting of income with the expenditures method.

*A. 2003 through 2005 – Bank Deposits Method*

Revenue Agent (RA) Michael Causey will testify that he completed a bank deposits analysis for 2003, 2004, and 2005 and found that the defendant underreported his gross receipts in each of those tax years. In addition, RA Causey will testify that in each of the years, the defendant also took several deductions on his tax return that were disallowed. Based on this analysis, RA Causey concluded that the defendant had additional tax due and owing for each of the tax years.

*B. 2006 – Expenditures Method*

For 2006, RA Causey will testify that the defendant had additional tax due and owing based on the expenditures method. The expenditures method will establish that the defendant spent an amount greater than the amount reported on his income tax return as being available for spending in 2006 and that the defendant's spending came from his current years' business income rather than non-taxable sources of income.

Witnesses

The United States intends to call approximately twenty-five witnesses in its case-in-chief. These witnesses will include several IRS employees, multiple Catholic Online employees, the defendant's Certified Public Accountant, and several custodians of record. Where possible, the United States will seek to introduce documents with 902(11) declarations, alleviating the necessity of calling several of the custodians of record.

### III. Law Applicable to the Offenses

#### A. Elements

To prove a violation of Title 26, United States Code, Section 7201, as alleged in Counts One through Three, the United States must prove the following elements beyond a reasonable doubt:

First, the defendant owed more federal income tax for the specific calendar year than was declared due on the defendant's income tax return for that calendar year;

Second, the defendant knew that more federal income tax was owed than was declared due on the defendant's tax return;

Third, after May 29, 2008, the defendant made an affirmative attempt to evade or defeat such additional tax, and

Fourth, in attempting to evade or defeat such tax, the defendant acted willfully.

*See Ninth Circuit Model Criminal Jury Instruction 9.37 (Attempt to Evade or Defeat Income Tax).* "Willfulness" requires proof that "the defendant knew federal tax law imposed a duty on him, and the intentionally and voluntarily violated that duty. *See Ninth Circuit Jury Instruction 9.42 (Willfully-Defined).*

#### B. Additional Instructions for Methods of Proof

Courts have held that a defendant is entitled to special instructions to explain indirect methods of proof used by the government to prove a tax due and owing in tax trials. *See United States v. Hall*, 650 F.2d 994, 995 (9th Cir. 1981) (*per curiam*) ("comprehensive explanatory instructions must be given when the bank deposits method of proof is used"). The United States will submit model instructions to the court on both methods of proof and will ask that the court instruct the jury on the two methods during the course of the trial.

### IV. Potential Trial and Evidentiary Issues

#### A. Expert Testimony/Expert Summary Witnesses

A witness who is "qualified as an expert by knowledge, skill and experience" may present expert testimony if his or her specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702; *United States v. Espinosa*, 827 F.2d 604, 612 (9th Cir. 1987). The United States may qualify Revenue Agent Michael Causey and Revenue Agent Manpreet

Gill as experts in its case-in-chief.

**B. Demonstrative Exhibits/Summaries and Charts**

The government may introduce or use at trial summaries and charts. The government may also use some of its charts and summaries during the opening statement, the presentation of its case-in-chief and/or during closing argument. These charts and summaries will substantially assist the jury in understanding the government's proof in this case.

It is well-established that a trial court, in its discretion, may allow the presentation of summary evidence to guide and assist a jury in understanding and judging a factual controversy. *See* Fed. R. Evid. 1006; *United States v. Skalicky*, 615 F.2d 1117, 1120-1121 (5th Cir. 1980); *United States v. Cooper*, 464 F.2d 648, 656 (10th Cir. 1972). A foundation for the admission of each chart and summary will be laid through the testimony of various witnesses, who will testify that the charts and summaries accurately reflect information contained in documents already in or to be admitted into evidence. *See United States v. Lemire*, 720 F.2d 1327, 1349 (D.C. Cir. 1983); *United States v. Pollack*, 417 F.2d 240, 241 (5th Cir. 1969).

Courts have repeatedly allowed the use of charts and summaries similar to the ones the government may use in this case. *United States v. Stephens*, 779 F.2d 232 (5th Cir. 1985) (simple flow charts tracing the defendant's use of loan proceeds); *United States v. Porter*, 821 F.2d 968, 974-975 (4th Cir. 1987) (summary of telephone numbers); *United States v. Orlowski*, 808 F.2d 1283, 1289 (8th Cir. 1986) (charts tracing the disposition of the checks generating defendant's receipts and reflecting defendant's total unreported income). Courts allow the charts when the evidence involves numerous exhibits which are difficult to examine in court without the charts or the charts are helpful to the jury. *United States v. Stephens*, 779 F.2d at 239; *United States v. Scales*, 594 F.2d 558, 564 (6th Cir. 1979).

Federal Rule of Evidence 1006 provides that "the contents of voluminous writings, recordings or photographs which cannot be conveniently examined in court may be presented in the form of a chart, summary or calculation." The Ninth Circuit has recognized that summary evidence "can help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of the multitude of witnesses." *United States v. Shirley*, 884 F. 2d 1130, 1133 (9th Cir. 1989), quoting *United States v. Lemire*, 720 F. 2d 1327, 1348 (D.C. 1983); *see also United States v. Meyers*, 847 F. 2d

1408, 1412 (9th Cir. 1988) (approving the use of a summary witness where the sequence of events was confusing and the chart contributed to the clarity of presentation).

Although the underlying materials upon which the summary testimony is based must be "admissible," they need not be actually admitted into evidence. *United States v. Meyers*, 847 F.2d at 1412. The foundation for admission of such a summary is simply that the records are voluminous and that in-court examination would be inconvenient. *United States v. Duncan*, 919 F. 2d 981, 988 (5th Cir. 1990).

For any charts and summaries that are not admitted in evidence, the government intends to use susch charts as pedagogical devices during the trial. *See United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991).

### C. Judicial Notice

Under the doctrine of judicial notice and Rule 201 of the Federal Rules of Evidence, if requested by a party, the court must take judicial notice of any undisputed facts which are either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The United States requests the Court to take judicial notice of the following facts:

1. The Indian Ocean Tsunami occurred on December 26, 2004
2. Hurrican Katrina made landfall in Florida on August 25, 2005, and on states bordering the Gulf of Mexico on August 29, 2005.

### D. Sequestration of Witnesses

The government will move under Fed. R. Evid. 615(2) and 615(3) that both the lead case agent Special Agent Brian Applegate and the government's main financial expert, Revenue Agent Michael Causey, be exempt from any exclusion order the Court may make. *See also United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1985) (stating that court has discretion to allow case agent to remain at counsel table). "The purpose of [Rule 615] is to prevent witnesses from 'tailoring' their testimony to that of earlier witnesses." *United States v. Eli*, 718 F.2d 291, 293 (9th Cir. 1983). Rule 615 allows for the exclusion of witnesses but subsection 615(c) expressly excludes "a person whose presence a party

shows to be essential to presenting the party's claim or defense." The advisory notes to Rule 615(3) state that the exception "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." *See, e.g., United States v. Connors*, 894 F.2d 987 (8th Cir. 1990) (exclusion of bank expert from witness from exclusion order was not an abuse of discretion where the government argued that "his presence during the trial was essential to his ability to effectively testify regarding the exhibits before the jury"); *United States v. Seschillie*, 310 F.3d 1208 (9th Cir. 2002)(abuse of discretion where court excluded an expert regarding accidental discharge of a gun where expert needed to hear testimony of victims in order to properly provide opinion"). The government believes both Special Applegate and Revenue Agent Michael Causey fall within the exception in 615(c) because they are essential to counsels' understanding and presenting the case properly. A party seeking an exemption from sequestration must demonstrate that the witness's presence is "essential" to his or her cause. *Opus 3 Ltd. v. Heritage Park, Inc.*, 91. F.3d 625, 628 (4th Cir.1996).

Dated: March 7, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ MICHAEL G. TIERNEY
MICHAEL G. TIERNEY
Assistant United States Attorney