McGREGOR W. SCOTT
United States Attorney
MEGAN A.S. RICHARDS
MICHAEL G. TIERNEY
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
(559) 497-4000

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-00114 DAD |
| Plaintiff, | |
| v. | GOVERNMENT'S PROPOSED JURY INSTRUCTIONS |
| MICHAEL GALLOWAY, | |
| Defendant. | |

The United States of America by and through its attorneys, McGregor W. Scott, United States Attorney for the Eastern District of California, Megan A.S. Richards, Assistant United States Attorney, and Michael G. Tierney, Assistant United States Attorney, respectfully request that the Court include in its standard charge to the jury the following instructions:

    1.         Bank Deposits Method of Proof

    2.         Expenditures Method of Proof

## ADDITIONAL INSTRUCTIONS DURING TRIAL

The United States requests permission to supplement these instructions depending on the evidence presented during the trial.

Dated: March 7, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ MICHAEL G. TIERNEY
MICHAEL G. TIERNEY
MEGAN A.S. RICHARDS

Assistant United States Attorneys

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

To prove the alleged understatements of taxable income, the government relies upon the bank deposits method of proof. This method of proof applies to only the 2003, 2004, and 2005 tax years.

To use this method of proof, the government must establish that the defendant was engaged in an income-producing activity during the tax years in issue and that, during the course of such activity, regular and periodic deposits having the inherent appearance of current income were made into bank accounts in the defendant's name or under his dominion and control.

Deposits into such accounts are totaled. Non-income transactions, such as transfers between bank accounts, redeposits, and deposits of nontaxable amounts, such as loan proceeds, gifts, inheritances, or prior accumulations, are subtracted from the total deposits.

The appropriate deductions, exclusions, exemptions, and credits to which the defendant is entitled then are subtracted, leaving an amount the government contends to be the corrected taxable income for the tax year in issue. This amount is then used to compute the corrected tax due and owing for the year, which is then compared with the actual tax paid in order to establish the alleged understatement of taxes.

If you find that the defendant's bank deposits establish for a tax return in issue a taxable income figure that exceeds the taxable income reported on the tax returns for the years involved, you will proceed to inquire whether the government has established that those excess deposits represent additional taxable income on which the defendant willfully attempted to evade or defeat the tax. In this connection, if the government has established that the defendant was engaged in an income-producing business or activity, that he was making regular and periodic deposits of money to bank accounts in his name or under his control, that the deposits and other funds received and available for deposit have the appearance of income, then you may, but are not required to, draw the inference that these deposits represented income during the year in question.

Explanations or "leads" as to the source of the funds used or available for deposits during the prosecution years, such as cash-on-hand, gifts, loans, or inheritances, may be offered to the government by or on behalf of the defendant. If such leads are relevant, reasonably plausible, and reasonably susceptible of being checked, then the government must investigate into the truth of the explanations. Additionally, leads must be furnished well in advance of trial for the government to be obligated to investigate them or to include them in the government's computations. However, if no such leads are provided, the government is not required to negate every conceivable source of nontaxable funds.

The government claims that it has correctly taken into account all of the factors which I have mentioned and that the bank deposits plus undeposited income and cash expenditures result in a figure that fairly approximates the defendant's true individual taxable income for the calendar years 2003, 2004, and 2005.

UNITED STATES DEPARTMENT OF JUSTICE, Tax Division, Criminal Tax Manual, Proposed Instruction No. MP 9; available at https://www.justice.gov/sites/default/files/tax/legacy/2012/12/05/CTM%20JI%20-%20Misc.pdf (citing *United States v. Morse*, 491 F.2d 149, 151 (1st Cir. 1974) *United States v. Slutsky*, 487 F.2d 832, 840 (2d Cir. 1973); *United States v. Nunan*, 236 F.2d 576, 587 (2d Cir. 1956); *United States v. Venuto*, 182 F.2d 519, 521 (3d Cir. 1950); *Morrison v. United States*, 270 F.2d 1, 2 (4th Cir. 1959); *Skinnett v. United States*, 173 F.2d 129 (4th Cir. 1949); *United States v. Conaway*, 11 F.3d 40, 43-44 (5th Cir. 1993); *United States v. Tafoya*, 757 F.2d 1522, 1528 (5th Cir. 1985); *United States v. Normile*, 587 F.2d 784, 785 (5th Cir. 1979); *United States v. Boulet*, 577 F.2d 1165, 1167 (5th Cir. 1978); *United States v. Hall*, 650 F.2d 994, 995 (9th Cir. 1981) (*per curiam*) ("comprehensive explanatory instructions must be given when the bank deposits method of proof is used").

Plaintiff's Proposed Jury Instruction No. 1
GIVEN \_\_\_\_\_
GIVEN AS MODIFIED \_\_\_\_\_
REFUSED \_\_\_\_\_
WITHDRAWN \_\_\_\_\_

JUDGE

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

The government has introduced evidence of the expenditures method of proof to establish that the taxable income reported by the defendant on his 2006 income tax return is not true and correct. This method of proof applies to the 2006 tax return only.

By this method, the government seeks to establish that the defendant spent an amount greater than the amount reported on his income tax returns as being available for spending. In other words, the government claims that the defendant could not have spent the amount that he did in a given year unless he had more income than the defendant reported on his return for that year.

In this case, the defendant is married, and is charged with filing false joint income tax returns for the defendant and his spouse. The government accordingly has introduced evidence purporting to reflect their joint expenditures

**Theory**

Under the expenditures method, the first step is to add up and total the amounts that the defendant spent during a given year. The next step is to subtract from the total amount spent: (1) any funds that the defendant had on hand at the beginning of the year which were spent during the year; (2) any monies received by a conversion into cash of assets that were on hand at the beginning of the year; and (3) any nontaxable funds received during the year.

The government claims that a reasonable approximation of the taxable income the defendant should have reported is the amount remaining after personal deductions, exemptions, and adjustments are subtracted from the defendant's income computed on the basis I have just explained to you.

**Opening Net Worth**

Now, I want to go over some of the points I have just mentioned. As I previously said, under the expenditures method, you subtract from the total amount spent any funds the defendant had on hand at the beginning of the year and any monies received by converting into cash assets that were on hand at the beginning of the year. Another way of saying this is that a starting point or opening net worth must

be established so that the defendant is not improperly charged with spending that reflects only what he [she] earned or had from prior years. You will readily appreciate that if the defendant actually owned substantial assets at the beginning point which the government has failed to consider in its computations, apparent spending of income during the indictment years may be no more than the disclosure of money previously saved or the result of a conversion into cash of assets the defendant owned at the beginning of the year.

For example, a taxpayer might have had a substantial amount of cash on hand that he had saved up in prior years and used to make purchases or other expenditures during a prosecution year. In that case, an apparent spending out of income during the year might be only the result of spending money earned in a prior year. You must, therefore, be satisfied that the government's evidence establishes that the defendant has been given credit for any cash on hand that he had as well as for any cash realized from the conversion into cash of assets that he had on hand.

However, the government is not required to refute all possible speculation that the defendant might have converted into cash assets that he had at the beginning of the year that the investigation failed to disclose; nor is it necessary for the government to prove the precise amount of cash on hand that the defendant had at the beginning of the year. It is enough if the government can show beyond a reasonable doubt that cash on hand and the conversion of assets into cash do not account for the expenditures of the defendant during the taxable year.

The burden rests originally upon the government, and the burden remains upon the government, to establish an opening net worth with reasonable certainty.

In this case, the government has attempted to prove that the defendant did not have any cash on hand or assets at the beginning of the year that he later converted into cash, other than those disclosed as a result of its investigation by, among other things, tracing the financial history of the defendant. The evidence introduced by the government of the defendant's income tax returns and financial history in

years prior to those named in the indictment may be considered by you for such light as it may shed on the innocence or guilt of the defendant during the years named in the indictment.

In determining whether or not the opening net worth is reasonably accurate, you may consider whether the government has tracked down "reasonable leads" or explanations, if any, suggested to the government by the defendant (or his representative) during the investigation, which tend to establish the defendant's innocence.

If you are satisfied that any such reasonable leads and explanations have been exhausted or refuted, then this would be evidence that you could consider in determining whether the opening net worth relied on by the government is reasonably accurate. Obviously, improbable explanations would not be entitled to as much weight as plausible and reasonable explanations. If you should find that the government's investigation has failed to refute what seem to you to be plausible explanations, such failure may be considered by you in determining the validity of the opening net worth.

If you find that the government has not established the opening net worth of the defendant to a reasonable certainty as of the beginning of any year named in the indictment, then you will find that the defendant is not guilty of reporting a taxable income that is not true and correct for that year.

If you find as to any year that the funds spent by the defendant are not substantially in excess of the taxable income reported by the defendant on his [her] return for that year, or if you have a reasonable doubt as to whether such funds are substantially in excess of reported taxable income, then you will find that the defendant is not guilty of reporting a taxable income that is not true and correct for that year .

If you find, on the other hand, that the government has established the net worth of the defendant to a reasonable certainty as of the beginning of any year named in the indictment, and if you are also convinced beyond a reasonable doubt that the expenditures established by the government during that

year are substantially in excess of the income reported on the defendant's tax return, then you will proceed to inquire whether the government has established that those funds represented income.

**Current Taxable Income**

The burden is on the government to establish beyond a reasonable doubt that the funds reflected in the defendant's expenditures arose from taxable, rather than nontaxable, sources.
In this connection, I charge you that the federal income tax is levied on gains, profits, and income derived from salaries, wages, or compensation for personal services, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property; also from interest, rent, dividends, securities, or the transaction of any business, carried on for gain or profit, or gains or profits and income derived from any source whatever.

The law states, however, that certain kinds of funds do not constitute income. Since no income tax is levied on such funds, they need not and should not be reported as income. These funds include gifts, inheritances, and proceeds of loans.

As I have previously stated, the burden rests upon the government to prove beyond a reasonable doubt that the funds reflected in the defendant's expenditures arose from a taxable source or sources or that the funds did not come from nontaxable sources. In other words, expenditures alone do not establish the receipt of taxable income unless the evidence shows either: (1) a likely source of income from which you believe they sprang; or (2) that the government has established that the defendant did not have a nontaxable source of income which would account for the expenditures.

If you find that the defendant offered timely explanations of the source of his funds, which were reasonably susceptible of being checked, the government may not disregard them; and you may take into consideration any failure by the government to investigate such explanations, if any were made, or the results of any investigation made by the government into the truth of the explanations. On the other hand, where relevant leads are not forthcoming, the government is not required to negate every

conceivable source of nontaxable funds, and if the defendant failed to supply information in that regard, you may take that failure into account. The defendant is not required, however, to provide any explanations or to prove the source of his funds, for, as I have said, the burden is on the government to prove that the funds used for expenditures arose from taxable sources.

UNITED STATES DEPARTMENT OF JUSTICE, Tax Division, Criminal Tax Manual, Proposed Instruction No. MP 6,
https://www.justice.gov/sites/default/files/tax/legacy/2012/12/05/CTM%20JI%20-%20Misc.pdf
 (citing *Taglianetti v. United States*, 398 F.2d 558, 562 (1st Cir. 1968), *aff'd.*, 394 U.S. 315 (1969); *United States v. Citron*, 783 F.2d 307, 315 (2d Cir. 1986); *United States v. Breger*, 616 F.2d 634, 635 (2d Cir. 1980); *United States v. Marshall*, 557 F.2d 527, 529 (5th Cir. 1977); *United States v. Newman*, 468 F.2d 791, 793 (5th Cir. 1972); *United States v. Penosi*, 452 F.2d 217, 219 (5th Cir. 1971); *United States v. Caswell*, 825 F.2d 1228, 1231-32 (8th Cir. 1987); *United States v. Pinto*, 838 F.2d 426, 431-32 (10th Cir. 1988)).

Plaintiff's Proposed Jury Instruction No. 2
GIVEN \_\_\_\_\_
GIVEN AS MODIFIED \_\_\_\_\_
REFUSED \_\_\_\_\_
WITHDRAWN \_\_\_\_\_

JUDGE