HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DOUGLAS BEEVERS, #288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: 916.498.5700
douglas_beevers@fd.org

Attorney for Defendant
MICAHEL GALLOWAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:14-CR-00114-DAD |
| Plaintiff, | DEFENDANT'S TRIAL BRIEF |
| vs. | Date: March 13, 2018<br>Time: 9:00 a.m. |
| MICHAEL GALLOWAY<br>Defendant. | Judge: Hon. Dale A. Drozd |

Defendant, MICHAEL GALLOWAY, by Heather E. Williams, Federal Defender, by Douglas Beevers, Assistant Federal Defender, hereby submits his trial brief.

**I. DISCOVERY**

The Government has provided substantial discovery under Rule 16. The Government is generally entitled to withhold statements of its witness until after the witness has testified. See 18 U.S.C. §3500 (Jenks Act). The Jenks Act is limited to the extent it would violate Defendant's dues process right to pre-trial notice of the allegations against which he must defend. See *Morrisey v. Brewer*, 408 U.S. 471 (1972). Defense contends that allowing the Government to introduce new facts may violate *Morrisey v. Brewer*.

Defense Trial Brief 1

**II. JURY SELECTION**

Defense believes it is necessary for the parties to use voir dire to determine whether jurors have familiarity with tax paying and business environments. Defense believes that many people have negative feelings about taxes or the I.R.S. and such feelings are not grounds to exclude for cause.

**III. COUNT 1**

Since the 2003 return was filed outside the statute of limitations, the Government must prove that Mr. Galloway did not pay all of his taxes due for the 2003 tax year and that on February 23, 2010 he made a false statement to I.R.S. officers that he intended would enable him to evade paying the 2003 taxes that were due.

The defendant will not be disputing that his tax return for 2003 (which was filed in September 2005 - outside the statute of limitations) understated his income, but defendant disputes whether he said anything in the February 2010 interview that was intended to defeat the 2003 tax.

Defense contends that Mr. Galloway's knowledge of the tax loss when he filed the return in September 2005 is irrelevant, because prior to the February 2010 meeting the IRS had completed a thorough audit of Mr. Galloway's 2003 return and had determined that Mr. Galloway still owed $145,480 for the 2003 tax year and TCO Yonan had imposed a $60,000 negligence penalty which resulted in total tax bill for $247,006. The defense will seek to introduce TCO Yonan's November 17, 2006 report which imposed the $247,656.

This report is not hearsay because it is offered as evidence to show that Mr. Galloway's vague statements could not have been made with any intent to evade the post-audit tax assessment of $247,656, which had been made based on examination of records. Since both

parties agree that the November 17, 2006 calculation is not correct, the document is not actually being offered for the truth of its contents.

Defense will also put on evidence through witnesses to show that TCO Yonan generated this report based on 244 pages of financial records and bank documents that he received from Mr. Galloway's CPA. Defense will try to introduce into evidence some or all of the 244 pages of documents if witnesses are able to verify

Mr. Galloway did not appeal this decision, so nothing he could have said would have caused a reversal of this decision to impose a $247,656 bill on Mr Galloway which was based on records Mr. Galloway had given to his accountant CPA Livsey.

Defense will seek to introduce testimony of SA Applegate that Mr. Galloway said he did not know if his tax returns were correct. This is not hearsay because it is being offered to show that Mr. Galloway's other statements (which the government will offer) were not intended to deceive.

Defense will introduce testimony of witnesses regarding how Mr. Galloway ran his business which will be inconsistent with the errors being intentional.

Defense will introduce reports from the Quickbooks files which will show how Mr. Galloway's employees coded expenses which will be relevant to show how negligent errors could have been made. This will include reports generated by I.R.S. officials and other similar reports printed from the disc. These documents should be admitted without objection because they are essentially publication of parts of what is on the Quickbooks disc. If needed defense will move to introduce the Quickbooks disc in order to be certain that all items in Quickbooks are in evidence. The physical disc can be authenticated through the testimony of the I.R.S. agent who received it. Defense will move to introduce the disc itself. Defense will seek to introduce testimony regarding who actually input data into the accounting system and how the employees

were trained on the system. Defense will ask witnesses who operated the system how they were instructed to input data. This evidence is not hearsay, because Mr. Galloway's statements advising employees how to input data correctly is evidence of absence of knowledge in that he did not input data himself which is evidence that he did not have knowledge of each item of income or each item of expense. This absence of knowledge is relevant, because the Government's proof for Counts 1, 2, and 3 is based on calculations from data most of which he probably never saw.

**III. COUNT 2.**

Government will try to prove that Mr. Galloway did not pay all of his taxes due for the 2004 tax year and that on February 23, 2010 he made a false statement about his taxes that he intended would enable him to evade paying the 2004 taxes that were due.

The defendant will not be disputing that his tax return for 2004 which was filed outside the statute of limitations did not include all taxes due. Defense will introduce evidence to show that this was due to errors in coding. Defense contends nothing Defendant said in the February 23, 2010 interview was intended to defeat the 2004 tax.

**IV. COUNT 3**

Government will try to prove that Mr. Galloway did not pay all of his taxes due for the 2005 tax year and that on February 23, 2010 he made a false statement about his taxes that he intended would enable him to evade paying the 2005 taxes that were due.

The defendant will not be disputing that his tax return for 2004 which was filed outside the statute of limitations did not properly account for all taxes due. Defense contends nothing he said in the February 23, 2010 interview that was intended to defeat the 2005 tax. The evidentiary issues are similar to Count 1. One additional issue is that the Government will seek to prove that the income in 2005 included income from donations which were improperly not turned over to

the intended donees. If the Court admits this evidence, Defense requests that the Court give a limiting instruction advising the jury that the defendant is not on trial for anything related to how the money is obtained, and that according to the U.S. tax code income is taxable regardless of whether it is obtained legally or illegally. This evidence is relevant only to show that these deposits were income in 2005 and that Mr. Galloway had knowledge of this income.

**V. COUNT 4**

The Government will attempt to prove Count 4, relating to the 2006 tax year, by the "expenditures method" of proving unreported income, which proof of the defendant's net worth at the beginning and at the end of 2006. The government must also prove that the defendant did not have nontaxable sources of money that would account for either the increase in net worth or the expenditures during the particular taxable year. Defense will raise an advice of tax professional to this count based on the fact that prior to filing his 2006 return Mr. Galloway's accountant Carl Livsey had already been made aware that the I.R.S. had advised him that the I.R.S. found $145,000 or errors in the 2003 tax return that Carl Livsey had prepared in 2005. Defense will introduce evidence to prove that Carl Livsey had bank records for Mr. Galloway's related to the 2003 audit, and prepared Mr. Galloway's return without making any effort to determine why the 2003 return had $140,000 in errors.

Dated: March 7, 2018

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

*/s/ Douglas Beevers*_____
DOUGLAS BEEVERS
Assistant Federal Defender
Attorney for Defendant

*/s/ Erin Snider*_____
ERIN SNIDER
Assistant Federal Defender
Attorney for Defendant

Defense Trial Brief     5